**EXHIBIT A**

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ Lackawanna _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: 13CV5859 | TIME STAMP |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: CAROL A. BRENNAN, individually & on behalf of all other | Lead Defendant's Name: COMMUNITY BANK, N.A. |
|---|---|
| **Are money damages requested?** ☒ Yes ☐ No | **Dollar Amount Requested:** (check one) ☐ within arbitration limits ☒ outside arbitration limits |
| **Is this a *Class Action Suit*?** ☒ Yes ☐ No | **Is this an *MDJ Appeal*?** ☐ Yes ☒ No |

Name of Plaintiff/Appellant's Attorney: CARY L. FLITTER

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other: Pa. UCC

*Updated 1/1/2011*

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.    Cover Sheet**

(a)(1)    This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i)      actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii)     actions for support, Rules 1910.1 et seq.

(iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv)     actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v)      actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi)     voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)    At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)    The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)    The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)    A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)    The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

CAROL A. BRENNAN, individually & on behalf of :    IN THE COURT OF COMMON PLEAS
all others similarly situated      Plaintiff

                                :    OF LACKAWANNA COUNTY

                                :    CIVIL ACTION

    VS.                         :    JURY TRIAL DEMANDED

COMMUNITY BANK, N.A.
                                :

               Defendant   :   No. 13 CV 5859

:  :  :  :  :  :  :  :   :   :  :  :  :  :  :  :

## *NOTICE*

     YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed against you by the Court without you, and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

NORTHERN PA LEGAL SERVICES          Pennsylvania Lawyer Referral Services
507 Linden Street                          Lackawanna Bar Association
Suite 300                                338 N. Washington Avenue
Scranton, PA 18503                     Third Floor
(570) 342-0184                         Scranton, PA 18503
                                       (570) 969-9161
                                       (570) 969-9170 - Business Fax

FLITTER LORENZ, P.C.
BY: CARY L. FLITTER
IDENTIFICATION NO. 35047
THEODORE E. LORENZ
IDENTIFICATION NO. 67795
ANDREW M. MILZ
IDENTIFICATION NO. 207715
450 North Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782

KELLEY, POLISHAN, WALSH &
SOLFANELLI, LLC
BY: EUGENE C. KELLEY
IDENTIFICATION NO. 56252
BY: PATRICK WALSH
IDENTIFICATION NO. 87931
259 South Keyser Avenue
Old Forge, PA 18518
570-562-4520

ATTORNEYS FOR PLAINTIFF CAROL A.
BRENNAN, individually and on behalf of all
others similarly situated

MAJOR NON-JURY CASE

---

CAROL A. BRENNAN, individually and on
behalf of all others similarly situated,
576 Chapman Lake Road
Jermyn, PA 18433

               Plaintiff,

    vs.

COMMUNITY BANK, N.A.
45-49 Court Street
Canton, NY 13617,

               Defendant.

COURT OF COMMON PLEAS
LACKAWANNA COUNTY

NO. 13 CV 5859

CLASS ACTION

## COMPLAINT

## I.  INTRODUCTION

1.    This is a consumer class action brought against a vehicle lender to redress systemic violations of Pennsylvania's Uniform Commercial Code ("UCC"), 13 Pa C.S. § 9601, et seq. The UCC requires secured parties who utilize self-help repossession to act in a

1

commercially reasonable manner. This includes providing consumers with proper statutory notices when repossessing and reselling a financed vehicle.

2.      Defendant Community Bank, N.A. regularly finances the purchase of motor vehicles for consumer use in Pennsylvania. When the Bank believes that a consumer has defaulted on a secured vehicle loan, it repossesses and then re-sells the vehicle. In the course of so doing, the Bank failed to provide Plaintiff and the Class with the proper notice of repossession of collateral and the proper deficiency calculation required by Pennsylvania's Uniform Commercial Code ("UCC").

3.      Because self-help repossession is effected without judicial authorization or oversight, the UCC requires secured creditors like Community Bank to strictly adhere to the Code's notice requirements. Failure to provide proper notice of disposition of repossessed consumer goods and failure to provide a proper deficiency calculation are violations of the Code that yield uniform statutory minimum damages for Plaintiff and the Class she seeks to represent.

## II.      PARTIES

4.      Plaintiff Carol A. Brennan (hereinafter "Brennan") is a consumer and an adult individual who resides at 576 Chapman Lake Road, Jermyn, PA 18433.

5.      Defendant Community Bank, N.A. is a national association with a principal place of business in Canton, NY as captioned, and branch offices in this county. Community Bank, N.A. sometimes does business as First Liberty Bank & Trust. First Liberty and Community Bank will collectively be referred to hereafter as "Community Bank" or "Bank."

## III.      STATEMENT OF CLAIM

6.      On or about February 14, 2006, Plaintiff Carol A. Brennan purchased and financed a 2003 Jeep automobile for personal use from Feel Good Motors, Inc. in Olyphant, PA.

7.    The purchase money financing for Brennan's vehicle purchase was provided by Defendant Bank·

8.    Defendant Bank financed the purchase of the Jeep and took a security interest in the vehicle.

9.    In Brennan's finance transaction, the Bank was the secured party, and monthly payments were made to the Bank.

10.    Plaintiff Brennan fell behind on her monthly payments, and Bank determined there was a default.

11.    On or about April 4, 2011, the Bank, as the lender and secured party, repossessed Brennan's Jeep automobile or ordered that it be repossessed.

12.    Pennsylvania law requires a prompt post-repossession notice to the borrower (and any co-borrower) advising of the repossession, that the borrower can redeem (or get her car back) at any time before the expiration of 15 days from the date of the notice, the method of intended disposition, whether the debtor may be liable for a deficiency or entitled to a surplus, and other information.

13.    By letter dated April 5, 2011, the Bank sent Ms. Brennan a Notice of Right to Redeem Motor Vehicle ("Repossession Notice"), a copy of which is attached hereto as Exhibit "A".

14. The Repossession Notice describes Brennan's Jeep automobile and states:

You may redeem the motor vehicle described above by paying $2,072.33 as of date of this notice. This amount will increase to compensate for the costs of holding the motor vehicle incurred after the date of this notice. Your right to redeem will continue until the vehicle is sold. You may obtain further information about your right to redeem by contacting:

YOU HAVE UNTIL 04/20/2011 TO REDEEM. FIRST LIBERTY BANK & TRUST
a division of Community Bank, N.A.
85-91 MAIN STREET
CANTON, NY 13617

Tracey L. Berger
(Agent for Resale)
800-682-3982

This vehicle is stored at NUNZI'S AUTOMOTIVE SALES
Until 04/20/2011

(Ex. "A").

15. The second page of the Bank's mailing contains a heading "Notice of Sale". This page states that: "on or after 04/20/2011, NUNZI'S AUTOMOTIVE SALES & SERVICE @570-347-4000 will sell for cash at AUCTION to the highest bidder in conformity with the laws of the State of New York relating to conditional sales or chattel mortgage financing," Brennan's vehicle. (Ex. "A").

16. Pennsylvania law requires the right to redeem up until the expiration of fifteen (15) days from the date of the Notice. 69 P.S. § 623. Moreover, the parties' Retail Installment Sale Contract ("RISC") at ¶ 14 allows for redemption up until the time of sale.

17. The Bank's Repossession Notice states that a sale can take place on the 15th day. This impermissibly shortens the amount of time a consumer has to redeem their motor vehicle, as allowed by Pennsylvania state law and the parties' RISC.

4

18. The Repossession Notice does not state the method of intended disposition.

19. While stating the vehicle will be sold "at AUCTION", it does not state whether the car will be sold by public or by private sale.

20. "Auction" generally describes a public sale, however, the Repossession Notice fails to list the date and place of said public sale or auction.

21. The Repossession Notice does not advise the borrower that she is entitled to an accounting of any unpaid indebtedness, nor the charge (if any) for such an accounting, as the Code requires.

22. The Repossession Notice does not provide a description of any liability for a deficiency of the person to whom the notification is sent.

23. The Repossession Notice fails to give an itemized statement of the total amount required to redeem by reinstatement or payment of the contract in full.

24. The Notice fails to state that any personal property left in the repossessed vehicle will be held for 30 days from the date of the notice's mailing and may be reclaimed during the 30 day period; thereafter the property may be disposed in the same manner as the motor vehicle and other collateral.

25. The Bank sent the same form Repossession Notice to many consumers across Pennsylvania.

26. Upon information and belief, at some point thereafter the Bank sold Brennan's Jeep at auction.

27. By letter dated May 25, 2011, the Bank informed Brennan that after the Jeep was sold she still allegedly owed $4,733.22. A true and correct copy of this "Deficiency Notice" is attached as Exhibit "B" hereto.

5

28. The Deficiency Notice fails to set forth the information required by the Code, 13 Pa. C.S. § 9616.

29. The Bank sent the same form Deficiency Notice (or sent no Deficiency Notice at all) to many consumers across Pennsylvania. It is believed and therefore averred that the Bank's failure to give proper explanation of deficiency is a pattern or consistent with a practice of non-compliance with the requirements of Pennsylvania law and Article 9 of the UCC.

*Governing Law*

30. Article 9 of the Uniform Commercial Code ("UCC"), 13 Pa. C.S. § 9601, et seq., governs the financing and repossession of motor vehicles in Pennsylvania.

31. Under the UCC, 13 Pa. C.S. § 9610, "[E]very aspect of a disposition of collateral … must be commercially reasonable". This includes post-repossession notice.

32. Under the UCC, 13 Pa. C.S. § 9611 - 9614, the Bank was required to provide "reasonable authenticated notification of disposition" of the collateral containing important mandatory information about the repossession and approaching sale of the collateral.

33. The Bank's Repossession Notice failed to provide proper and reasonable notification of disposition to Plaintiff and the Class of borrowers she seeks to represent, by:

    (a)    Failing to provide timely notice of disposition of collateral at the expiration of 15 days from the date of the notice;

    (b)    Failing to state the method of disposition, *viz.*, whether by public or private auction;

    (c)    Failing to list the time and place of the public sale *i.e.*, auction of the vehicle;

    (d)    Failing to state that the debtor is entitled to an accounting of the unpaid indebtedness and the charge, if any, for such an accounting;

<ol type="a" start="5">
<li>(e)     Failing to provide a description of any liability for a deficiency of the person to whom the notification is sent;</li>
</ol>

<ol type="a" start="6">
<li>(f)     Failing to give an itemized statement of the total amount required to redeem by reinstatement or payment of the contract in full;</li>
</ol>

<ol type="a" start="7">
<li>(g)     Failing to state that any personal property left in the repossessed vehicle will be held for 30 days from the date of the notice's mailing and may be reclaimed during the 30 day period; thereafter the property may be disposed of in the same manner as the motor vehicle and other collateral; or</li>
</ol>

<ol type="a" start="8">
<li>(h)     Failing to send any Repossession Notice at all.</li>
</ol>

(*See* Ex. "A" hereto).

34.     In the course of the repossession and disposition process, the Bank did not act in a commercially reasonable manner toward Plaintiff and the Class, and did not provide required or adequate notice of plan to sell the collateral. 13 Pa. C.S. § 9610, 9611- 9614.

35.     If a deficiency remains after the sale of the vehicle, the UCC requires that a creditor send an explanation of the claimed deficiency.

36.     The explanation of the claimed deficiency must be in writing and must provide certain specific information. 13 Pa. C.S. § 9616.

37.     The Deficiency Notice sent to Ms. Brennan (Ex. "B") does not comply with the requirements of the Pennsylvania UCC, 13 Pa. C.S. § 9616, in that the notice fails to:

<ol type="a">
<li>(a)     state that future debits, credits, charges, including additional credit service charges or interest, rebates and expenses may affect the amount of the surplus or deficiency; and</li>
</ol>

<ol type="a" start="2">
<li>(b)     provide in the following order:
<ol type="1">
<li>(1)     the aggregate amount of the obligation secured by the security interest under which the disposition was made, and if the amount reflects a rebate of unearned interest or credit service charge, an indication of that fact, and a calculation thereof;</li>
</ol>
</li>
</ol>

(2)    the amount of proceeds of the disposition;

(3)    the aggregate amount of the obligations after deducting the amount of the proceeds;

(4)    the amount, in the aggregate or by type, and types of expenses, including expenses of retaking, holding, preparing for disposition, processing and disposing of the collateral and attorney's fees secured by the collateral which are known to the secured party and relate to the current disposition;

(5)    the amount, in the aggregate or by type and types of credits, including rebate of interest or credit service charges, to which the obligor is known to be entitled; and

(6)    the amount of the surplus or deficiency.

(*See* Ex. "B").

### *Statutory Damages Formula*

38.    Pennsylvania's UCC, at 13 Pa. C.S. § 9625(c)(2), provides for damages for a secured party's failure to follow the proper procedures upon repossession, such as defective Repossession Notice.  The statute allows a consumer debtor such as Plaintiff (and the putative class) to recover "in any event" minimum damages of not less than the credit service charge plus 10% of the principal amount of the obligation.

39.    The statutory damages are derived from a simple, straightforward and uniform arithmetic calculation.

40.    The two figures needed for the statutory damage calculation are generally determinable from the face of the consumer's loan contract or Retail Installment Sale Contract.

41.    In Brennan's case, the statutory minimum damages are computed by summing $4,808.56 (credit service, or finance charge) + $2,103.07 (10% of amount financed) = $6,911.63.

42. The Official Comments to the UCC are entitled to great weight under Pennsylvania law. Official Comment number 4 to Section 9625 makes clear that the damages are both intended by the Act and uniform, regardless of whether "actual damages" are greater, lesser or not proven but presumed. That Comment states in pertinent part:

> "4. Minimum Damages in Consumer-Goods Transactions.
> Subsection (c)(2) provides a minimum, statutory, damage recovery for a debtor and secondary obligor in a consumer-goods transaction. It is patterned on former Section 9-507(1) and is designed to ensure that every noncompliance with the requirements of Part 6 in a consumer-goods transaction results in liability, regardless of any injury that may have resulted. Subsection (c)(2) leaves the treatment of statutory damages as it was under former Article 9."

43. A secured party who fails to send the appropriate explanation of a deficiency is liable for $500.00 statutory damages if its noncompliance was part of a pattern or consistent with a practice of noncompliance. 13 Pa. C.S. § 9625(e)(5).

## IV. CLASS ALLEGATIONS

44. Plaintiff brings this action on her own behalf and on behalf of a class and subclass designated pursuant to Rules 1701-1717 of the Pennsylvania Rules of Civil Procedure.

45. Plaintiff proposes to define the Class as All Persons:

    (a)    who financed a motor vehicle primarily for consumer use through the Bank individually or doing business as First Liberty Bank & Trust, or whose consumer loan contract or installment sales contract was assigned to the Bank;

    (b)    who had a Pennsylvania address as of the date of repossession;

    (c)    from whom the Bank, as secured party, repossessed the financed vehicle, or ordered it repossessed; and

    (d)    who were not sent a Notice of Right to Redeem Motor Vehicle Repossession ("Repossession Notice") which:

      (1)     provided timely notice of disposition of collateral at the expiration of 15 days from the date of notice;

      (2)     stated the method of disposition, *i.e.*, whether a public or private sale;

      (3)     listed the time and place of the public sale of the vehicle;

      (4)     stated that the debtor is entitled to an accounting of the unpaid indebtedness and the charge, if any, for such an accounting;

      (5)     provided a description of any liability for a deficiency of the person to whom the notification is sent;

      (6)     gave an itemized statement of the total amount required to redeem by reinstatement or payment of the contract in full;

      (7)     stated that any personal property left in the repossessed vehicle will be held for 30 days from the date of the notice's mailing and may be reclaimed during the 30 day period; thereafter the property may be disposed of in the same manner as the motor vehicle and other collateral.

    (e)    or, were sent no notice at all;

    (f)    in the period commencing six years prior to the filing of the Complaint in this action, through the date of class certification.

46.    Plaintiff proposes a Subclass defined as All Persons:

    (a)    who financed a motor vehicle primarily for consumer use through the Bank, individually or doing business as First Liberty Bank & Trust or whose loan contract or installment sales contract was assigned to the Bank;

    (b)    who had a Pennsylvania address as of the date of repossession;

    (c)    from whom the Bank, as secured party, repossessed the vehicle, or ordered it repossessed;

    (d)    whose vehicle was sold by the Bank, but leaving a claimed deficiency balance; and

(e)    who were sent an explanation of an alleged deficiency or surplus ("Deficiency Notice") that failed to:

    (1) state that future debits, credits, charges, including additional credit service charges or interest, rebates and expenses may affect the amount of the surplus or deficiency;

    (2) provide in the following order:

        (i)    the aggregate amount of the obligation secured by the security interest under which the disposition was made, and if the amount reflects a rebate of unearned interest or credit service charge, an indication of that fact, and a calculation thereof;

        (ii)    the amount of proceeds of the disposition;

        (iii)    the aggregate amount of the obligations after deducting the amount of the proceeds;

        (iv)    the amount, in the aggregate or by type, and types of expenses, including expenses of retaking, holding, preparing for disposition, processing and disposing of the collateral and attorney's fees secured by the collateral which are known to the secured party and relate to the current disposition;

        (v)    the amount, in the aggregate or by type and types of credits, including rebate of interest or credit service charges, to which the obligor is known to be entitled; and

        (vi)    the amount of the surplus or deficiency.

(f)    or, were sent no Deficiency Notice at all;

(g)    in the period commencing six years prior to the filing of the Complaint in this action, through the date of class certification.

47.    The class and subclass number at least in the hundreds, and are so numerous that joinder of all members is impractical. This matter involves form notices sent out to consumers in Lackawanna County and across Pennsylvania.

48.    There are questions of law or fact common to the class. These include:

(a)      Whether Plaintiff and the class obtained motor vehicle financing through the Bank and pledged the vehicle as collateral;

(b)      Whether the Bank repossessed the financed vehicle or ordered it repossessed;

(c)      Whether the Bank failed to send the form notice of disposition of collateral required under the UCC after repossessing a vehicle;

(d)      Whether the Bank failed to send the form notice of disposition of collateral in the form and manner required under the UCC and Pennsylvania law after repossessing a vehicle;

(e)      The uniform statutory damages provided for such misconduct;

(f)      As relates to the subclass, whether the Bank failed to send an explanation of surplus or deficiency in the form and manner required by the UCC as set forth above;

(g)      Whether the failure to send the required explanation of deficiency was part of a pattern consistent with a practice of non-compliance; and

(h)      The uniform statutory damages provided for such misconduct.

49.      The claims of the Plaintiff are typical of those of the class. All are based on the same factual and legal theories. All class members financed automobiles through the Bank and pledged their vehicle as collateral. The Bank declared a default on all. All class members either were sent an improper form notice of disposition of collateral (the Repossession Notice), or were sent no notice at all.

50.      The claims of the Plaintiff are also typical of those of the subclass. All have an additional claim for improper Deficiency Notice, entitling them to statutory damages.

51.      Plaintiff will fairly and adequately protect the interests of the class and subclass. Plaintiff has no interest antagonistic to those of the class or subclass.

52.      Plaintiff's counsel is competent and experienced in consumer class actions.

53.     The Bank has acted on grounds generally applicable to the class and subclass, thereby making final relief appropriate with .respect to the class and subclass as a whole

54.     The questions of law and fact common to the class and subclass predominate over any questions affecting only individual members.

55.     The prosecution of several separate actions by the members of the class or subclass would create a risk of inconsistent or varying adjudications,

56.     This class action provides a fair and efficient method for adjudication of the controversy,

57.     The class members and subclass members are consumer debtors who may be unable to locate or afford to hire lawyers, particularly in light of the modest size of any individual recovery, the absence of statutory counsel fees, and the specialized nature of the law of secured transactions and motor vehicle finance regulation,

58.     The size of the class(es), and any trial would be readily manageable.

## COUNT I
## UNIFORM COMMERCIAL CODE
## (CLASS: REPOSSESSION NOTICE)

59.     Plaintiff repeats the allegations set forth above as if the same were set forth at length herein.

60.     Defendant Bank violated Pennsylvania's Uniform Commercial Code by failing to provide proper notice of disposition of collateral as set forth above.

61.     Defendant Bank failed to act in a commercially reasonable manner by failing to provide a proper Notice of Repossession of collateral, 13 Pa. C.S. § 9610, 9611- 9614.

**WHEREFORE**, Plaintiff Carol A. Brennan prays that this Court certify the matter as a class action and enter judgment for Plaintiff and the class members:

    (a)     Awarding statutory damages to Plaintiff and to the class as provided by the UCC, 13 Pa. C.S. § 9625(c);

    (b)     Declaring that the repossession notice used by Defendant in respect to Plaintiff and the class fails to comport with the provisions of Pennsylvania law;

    (c)     Granting such other and further relief as may be deemed just and proper.

**COUNT II**
**UNIFORM COMMERCIAL CODE**
**(SUBCLASS: DEFICIENCY NOTICE)**

62.    Plaintiff repeats the allegations set forth above as if the same were set forth at length herein.

63.    Defendant Bank violated Pennsylvania's Uniform Commercial Code by failing to provide proper explanation of an alleged deficiency balance or surplus. 13 Pa. C.S. § 9616(b).

**WHEREFORE**, Plaintiff Carol A. Brennan prays that this Court certify the subclass and enter judgment for Plaintiff and the subclass members:

    (a)     Awarding statutory damages of $500 per subclass member as provided by the UCC, 13 Pa. C.S. § 9625(e)(5);

(b)     Declaring that the explanation of deficiency or surplus used by Defendant

in respect to Plaintiff and the subclass fails to comport with the provisions

of Pennsylvania law;

(c)     Granting such other and further relief as may be deemed just and proper.

Respectfully submitted:

Date: OCT 28, 2013

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ

FLITTER LORENZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA  19072
(610) 822-0782

EUGENE C. KELLEY
PATRICK WALSH

KELLEY, POLISHAN, WALSH &
SOLFANELLI, LLC
259 South Keyser Avenue
Old Forge, PA 18518
570-562-4520

**Attorneys for Plaintiff and the Class**

Case 3:13-cv-02599-MDV Document 14-12 Filed 12/06/13 Page 20 of 25

## VERIFICATION

I, CAROL A. BRENNAN, do hereby state that the statements contained in the Complaint are true and correct to the best of my knowledge, information, and belief. I make this statement with the knowledge that the statements contained herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

Date: 10/28/13

Carol A Brennan
CAROL A. BRENNAN

# EXHIBIT "A"

**FIRST LIBERTY BANK & TRUST**
a division of COMMUNITY BANK, N.A.

CAROL A BRENNAN
1405 CHAPMAN LAKE RD., JERMYN, PA 18433

&

Account No. ███████092          Date:     05-Apr-11

## NOTICE OF RIGHT TO REDEEM MOTOR VEHICLE

| YEAR | MAKE & MODEL | COLOR | SERIAL NO. |
|---|---|---|---|
| 2003 | JEEP  GR CHEROKEE | BLUE | ████████████3631 |

You may redeem the motor vehicle described above by paying $2,072.33     as of date of this
notice. This amount will increase to compensate for the costs of holding the motor vehicle
and other reasonable expenses related to the resale of the motor vehicle incurred after the
date of this notice.  Your right to redeem will continue until the vehicle is sold.  You may obtain
further information about your right to redeem by contacting:

YOU HAVE UNTIL     04/20/2011     TO REDEEM.  FIRST LIBERTY BANK & TRUST
a division of Community Bank, N.A.
85-91 MAIN STREET
CANTON, NEW YORK 13617

Tracey L. Berger
(Agent for Resale)
800-662-3982

This vehicle is stored at     NUNZI'S AUTOMOTIVE SALES

Until     04/20/2011

## NOTICE OF SALE

THE TERMS OF THE SALE ARE CASH AND FIRST LIBERTY BANK & TRUST a division of COMMUNITY BANK, N.A. MAKES NO REPRESENTATION AS TO THE CONDITION OF THE SAID COLLATERAL AND THIS SALE IS MADE WITHOUT ANY WARRANTIES

TAKE NOTICE that on or after [ 04/20/2011 ]

NUNZI'S AUTOMOTIVE SALES & SERVICE @570-347-4000    will sell

for cash at AUCTION to the highest bidder in conformity with the laws of the State of New York relating to conditional sales or chattel mortgage financing, the following property, to wit:

ONE (1)  | 2003 | JEEP | GR CHEROKEE | UTILITY | BLUE |

Identification number    . 4 ~~XXXX~~ 3631       The undersigned reserves the right to bid and

purchase at said sale  This property was repossessed from  CAROL A BRENNAN
1405 CHAPMAN LAKE RD , JERMYN, PA 18433

Address: FIRST LIBERTY BANK & TRUST
a division of COMMUNITY BANK, N A
P O BOX 509
CANTON, NY 13617

Date:       05-Apr-11                      BY:        Tracey L. Berger
ILN#       ~~XXXX~~092                                (Agent for Resale)

Telephone #.      1-800-682-3982

# EXHIBIT "B"

In New York State                                    In Pennsylvania


**COMMUNITY BANK, N.A.**
*Bank and trust in us.*


**First Liberty**
*Bank & Trust*
a division of COMMUNITY BANK, N.A.

MAY 25, 2011

CAROL A BRENNAN
1405 CHAPMAN LAKE ROAD
JERMYN, PA 18433

RE:    ACCOUNT #:    ⬛⬛⬛⬛092
       COLLATERAL: 2003 JEEP GRAND CHEROKEE
       BALANCE DUE: $4,733.22

Dear CAROL,

    The above collateral sold at auction for $2,000.00. This account
now reports as an unpaid charge off on your credit report. Derogatory
credit information could severely hamper future credit needs.

    As indicated on your loan contract you are responsible for
this deficiency balance and are required to pay this balance
off. I would be more than willing to work out a reasonable
monthly repayment arrangement with you. Please call me at 1-800-
835-2993, extension 4597 between 8:00 a.m. and 5:00 p.m. Monday
through Friday. You have 30 days from receipt of this letter to
respond. Failure to pay this deficiency balance will result in
legal collection action taken against you and that expense will
be added to your balance. Please remember that interest will
continue to accrue daily.

Very truly yours,

Sheri Drake
Sheri Drake
Recovery Representative
Loan Adjustments
Sheri.drake@communitybankna.com

45-49 Court St. ~ PO Box 509 ~ Canton, NY 13617

MEMBER
FDIC