IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL A. BRENNAN, individually and on behalf of herself and all others similarly situated <br>                   Plaintiff <br><br> vs. <br><br> COMMUNITY BANK, N.A. <br>                   Defendant | CIVIL ACTION <br><br><br><br> NO. 13-CV-02939(MEM) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

I. **INTRODUCTION**

Plaintiff initiated this action on October 30, 2013, by filing a complaint in the Lackawanna County Court of Common Pleas against Defendant Community Bank for violations of Pennsylvania's Uniform Commercial Code arising out of the Bank's repossession of Plaintiff's automobile. On December 6, 2013, the Bank removed the case to this Court pursuant to the Class Action Fairness Act of 2005. 28 U.S.C. § 1332(d).

Plaintiff seeks to file an Amended Complaint to add two party plaintiffs and include those New York consumers to whom the Bank sent defective, non-conforming repossession notices. New York has adopted the same uniform code provisions as Pennsylvania. *See* N.Y. U.C.C. Law § 9-601, *et seq* (McKinney). All of the New York consumers Plaintiff seeks to include in the amended class entered into Retail Installment Contracts with Defendant, had their vehicles repossessed, and were sent non-compliant notices of their repossession rights. Each consumer was subject to the same commercially unreasonable conduct on the part of Defendant. Leave to amend should be granted.

## II.  ARGUMENT

Fed. R. Civ. P. 15 provides in pertinent part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires." In *Foman v. Davis,* 371 U.S. 178, 182 (1962), the Supreme Court stated that: "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be freely given." *Id. See also Arthur v. Maersk, Inc.,* 434 F.3d 196, 202 (3d Cir. 2006) (only rarely, where amendment would be unjust, should court deny leave to amend).

### Reason for the Amendment

Anthony Colino ("Colino") is a consumer from Irondequoit, New York, who like Plaintiff Carol Brennan financed a vehicle for personal use through the Defendant Community Bank, N.A. Mr. Colino's vehicle was repossessed by the Bank, and thereafter the Bank sent a repossession notice to Mr. Colino. (*See* Ex. "A", proposed Am. Compl. at ¶ 28-33). The Bank sent Mr. Colino a "Notice of Right to Redeem Motor Vehicle" (attached to the proposed Am. Compl. as Ex. "C" thereto) which is substantially identical to the notice sent to Ms. Brennan. (*Compare id.* with Ex. "1', proposed Am. Compl. at Ex. "A" thereto). To wit, both the notice sent to Ms. Brennan and Mr. Colino fail to meet the requirements of the UCC in that they: (a) do not state the method of intended disposition, *i.e.,* it does not state whether the car will be sold at public or private sale; (b) does not state that the borrower is entitled to an accounting of any unpaid indebtedness; and (c) does not provide a description of any liability for a deficiency of the

2

person to whom the notification is sent. (*See id.*; *see also* Ex. "1", proposed Am. Compl. at ¶¶ 36-41). After the vehicle was sold, Mr. Colino was sent a "Deficiency Notice" which failed to comply with the requirements of § 9616 just as that sent to Ms. Brennan. (*See* proposed Am. Compl. at Ex. "D" thereto).

Courtney Bellomo ("Bellomo") is a consumer from Angola, NY. Upon information and belief, Ms. Bellomo was sent the same defective New York notices as was Mr. Colino. (*See* Ex. "A", proposed Am. Compl. at ¶ 46-50). In the proposed Amended Complaint, both Mr. Colino and Ms. Bellomo seek to represent a class and subclass of New York consumers harmed in the same way as the Pennsylvania consumers by Defendant's defective vehicle repossession notices[1].

The UCC is a uniform law that has been adopted by all 50 states. The versions of the Code, as revised in 2001, adopted by both Pennsylvania and New York are identical in all material respects related to this class action. Both laws require that "every aspect of a disposition of collateral ... must be commercially reasonable." *See* 13 Pa. C.S. § 9610; N.Y. U.C.C. Law § 9-610 (McKinney). Like the Pennsylvania law, New York's UCC strictly requires that a post-repossession notice include certain mandatory information such as, *inter alia*: the method of intended disposition, the time and place of any public sale, a statement that the debtor is entitled to an accounting of the unpaid indebtedness and the charge, if any, for such an accounting, and the description of any liability for a deficiency of the person to whom the notification is sent. *Compare* N.Y. U.C.C. Law § 9-613, 9-614(McKinney); *Coxall v. Clover Commercial Corp.*, 781 N.Y.S.2d 567, 578-79 (N.Y. Cty. Civ. Ct. 2004) *with* 13 Pa C.S.A. § 9613, 9614; *Cubler v. Trumark Fin. Cr. Un.*, 83 A.3d 235 (Pa. Super. 2013). Like Pennsylvania,

---

[1] Ms. Bellomo believes the notices sent her by Community Bank, N.A. may have been lost in a fire. However, she recalls the notices to be substantially identical to the notice sent to Ms. Brennan and Mr. Colino, and a copy can readily be obtained from the bank.

New York's UCC provides for uniform minimum statutory damages to be awarded in the case of a violation of Article 9 of the Code. *See* N.Y. U.C.C. Law § 9-625(c)(2)(McKinney); *Coxall*, 781 N.Y.S.2d at 578-79.

Accordingly, the proposed amendment will allow a class of New York consumers whose vehicles have been repossessed just like Ms. Brennan to vindicate their rights under the same uniform act. The New York subclass addresses the improper deficiency notice send by the Bank post-auction. *See* N.Y. U.C.C. Law § 9-616 and 9-625(e)(5)(McKinney). The Amended Complaint also simplifies the claim and class definition. (*See* Am. Compl ¶ 67-69).

Amending will serve the interests of justice in consolidating each affected consumer's claim against the same Defendant Bank in this forum where a uniform liability determination can be made for all members of the class under virtually identical Pennsylvania and New York Code sections. There will be no prejudice to Defendant; it faces the same type of claims under a uniform law, and only minimal discovery has been exchanged to date.

The proposed amendment to the complaint is not the result of undue delay as it comes relatively early in the case. Plaintiff has not amended the compliant previously, and as noted, only limited discovery has been taken. No class briefing schedule has issued. A mediation has been scheduled for June 9, 2014; the parties can either discuss resolving the claims of all three plaintiffs at that time, or the date could be adjourned if the bank feels it needs more time before discussing the New York class. In either case, there is no prejudice. Subject matter jurisdiction of this two state class is proper under CAFA. 28 U.S.C. § 1332(d).

Additional minor edits have been made to the Amended Complaint for syntax or clarity and to plead in accordance with the new class definition. The proposed Amended Complaint is Exhibit "1" hereto, and a "redlined" version is attached as Exhibit "2".[2]

## III. CONCLUSION

For all of the reasons set forth above, plaintiff respectfully requests that the Court grant Plaintiff leave to file an Amended Complaint in the form appended hereto as Exhibit "1."

Respectfully submitted,

Date: 5/20/14

/s/ Cary L. Flitter
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
FLITTER LORENZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782

EUGENE C. KELLY
TIMOTHY POLISHAN
PATRICK WALSH
KELLEY, POLISHAN, WALSH & SOLFANELLI, LLC
259 South Keyser Avenue
Old Forge, PA 18518
(570) 562-4520

**Attorneys for Plaintiff and the Class**

---

[2] Because the original Complaint was filed in the Court of Common Pleas, this Amended Complaint also pleads under federal pleading standards. As such, the edits may appear substantial, but the gravamen of the amendment is to add two new plaintiffs on behalf of a New York class and subclass of consumers against the same Defendant Bank.

5

## **CERTIFICATE OF CONCURRENCE NOT OBTAINED**

I, Cary L. Flitter, state that concurrence to file an amended complaint was sought but not given by Defendant.

Date: 5/20/14                                           */s/ Cary L. Flitter*
                                                        CARY L. FLITTER

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL A. BRENNAN, individually and on behalf of herself and all others similarly situated<br><br>　　　　　　　Plaintiff<br><br>　　　vs.<br><br>COMMUNITY BANK, N.A.<br>　　　　　　　Defendant | CIVIL ACTION<br><br><br><br><br><br>NO. 13-CV-02939(MEM) |

## CERTIFICATE OF SERVICE

I, CARY L. FLITTER, do hereby certify that I caused a true and correct copy of the foregoing Plaintiff's Motion for Leave to File Amended Complaint to be served via ECF, upon the following:

Jonathan B. Fellows, Esquire
Suzanne O. Galbato, Esquire
BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, NY 13202

Jane T. Smedley, Esquire
Joseph E. Kluger, Esquire
HOURIGAN, KLUGER & QUINN, P.C.
600 Third Avenue
Kingston, PA 18704

**Attorneys for Defendant**

Date: 5/20/14　　　　　　　　　　　　　　　　　/s/ Cary L. Flitter
　　　　　　　　　　　　　　　　　　　　　　　CARY L. FLITTER