IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL A. BRENNAN, individually and on behalf of herself and all others similarly situated<br>576 Chapman Lake Road<br>Jermyn, PA 18433<br><br>and<br><br>ANTHONY COLINO, individually and on behalf of himself and all others similarly situated<br>1519 Winton Road North<br>Apt. #1<br>Irondequoit, NY 14609<br><br>and<br><br>COURTNEY BELLOMO, individually and on behalf of herself and all others similarly situated<br>274 E. Sterling Street<br>Angola, NY 14006<br>                   Plaintiffs<br><br>      vs.<br><br>COMMUNITY BANK, N.A.<br>45-49 Court Street<br>Canton, NY 13617,<br>                  Defendant | CLASS ACTION<br><br><br><br><br><br><br><br>NO. 13-CV-02939 (Judge Mannion) |

## AMENDED COMPLAINT

## I.  INTRODUCTION

1.      This is a consumer class action brought against a vehicle lender to redress systemic violations of the Uniform Commercial Code ("UCC"), as adopted in Pennsylvania, 13 Pa C.S. § 9601, et seq. and New York, N.Y. U.C.C. Law § 9-601(McKinney). The UCC requires secured parties who utilize self-help repossession to act in a commercially reasonable manner.

This includes providing consumers with proper statutory notices when repossessing and reselling a financed vehicle.

2.      Defendant Community Bank, N.A. regularly finances the purchase of motor vehicles for consumer use in Pennsylvania and New York.  When the Bank believes that a consumer has defaulted on a secured vehicle loan, it repossesses and then re-sells the vehicle.  In the course of so doing, the Bank failed to provide Plaintiffs and the Class with the proper notice of repossession of collateral and the proper deficiency calculation required by the Uniform Commercial Code ("UCC").

3.      Because self-help repossession is effected without judicial authorization or oversight, the UCC requires secured creditors like Community Bank to strictly adhere to the Code's notice requirements.  Failure to provide proper notice of disposition of repossessed consumer goods and failure to provide a proper deficiency calculation are violations of the Code that yield uniform statutory minimum damages for Plaintiffs and the Class they seek to represent.

## II.    <u>JURISDICTION</u>

4.      This action was removed to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d).

## III.   <u>PARTIES</u>

5.      Plaintiff Carol A. Brennan (hereinafter "Brennan") is a consumer and an adult individual who resides at 576 Chapman Lake Road, Jermyn, PA  18433.

6.      Plaintiff, Anthony Colino (hereinafter "Colino") is a consumer and an adult individual who resides at 1519 Winton Road North, Apt. #1, Irondequoit, NY 14609.

7.      Plaintiff, Courtney Bellomo (hereinafter "Bellomo") is a consumer and an adult individual who resides at 274 E. Sterling Street, Angola, NY 14006.

8.      Defendant Community Bank, N.A. is a national association with a principal place of business in Canton, NY as captioned, and branch offices in Pennsylvania and New York. Community Bank, N.A. sometimes does business as First Liberty Bank & Trust.  First Liberty and Community Bank will collectively be referred to hereafter as "Community Bank" or "Bank."

## IV.      STATEMENT OF CLAIM

*Brennan's Experience*

9.      On or about February 14, 2006, Plaintiff Carol A. Brennan purchased and financed a 2003 Jeep automobile for personal use from Feel Good Motors, Inc. in Olyphant, PA.

10.      The purchase money financing for Brennan's vehicle purchase was provided by Defendant Bank.

11.      Defendant Bank financed the purchase of the Jeep and took a security interest in the vehicle.

12.      In Brennan's finance transaction, the Bank was the secured party, and monthly payments were made to the Bank.

13.      Ms. Brennan fell behind on her monthly payments, and the Bank determined there was a default.

14.      On or about April 4, 2011, the Bank, as the lender and secured party, repossessed Brennan's vehicle or ordered that it be repossessed.

15.     Pennsylvania law requires a prompt post-repossession notice to the borrower advising of the repossession, that the borrower can redeem (or get her vehicle back) at any time before the expiration of 15 days from the date of the notice, the method of intended disposition, whether the debtor may be liable for a deficiency or entitled to a surplus, that the borrower has the right to request an accounting, and other information.

16.     By letter dated April 5, 2011, the Bank sent Ms. Brennan a Notice of Right to Redeem Motor Vehicle ("Repossession Notice"), a copy of which is attached hereto as Exhibit "A".

17.     The second page of the Bank's mailing contains a heading "Notice of Sale". This page states that: "on or after 04/20/2011, NUNZI'S AUTOMOTIVE SALES & SERVICE @570-347-4000 will sell for cash at AUCTION to the highest bidder in conformity with the laws of the State of New York relating to conditional sales or chattel mortgage financing," Brennan's vehicle. (Ex. "A").

18.     The Repossession Notice does not state the method of intended disposition.

19.     While stating the vehicle will be sold "at AUCTION", it does not state whether the car will be sold by public or by private sale.

20.     "Auction" generally describes a public sale, however, the Repossession Notice fails to list the date and place of any public sale or auction.

21.     The Repossession Notice does not advise the borrower that she is entitled to an accounting of any unpaid indebtedness, nor the charge (if any) for such an accounting, as the Code requires.

22.     The Repossession Notice does not provide a description of any liability for a deficiency.

4

23.     The Bank sent the same form Repossession Notice to many consumers across Pennsylvania.

24.     Upon information and belief, at some point thereafter the Bank sold Brennan's Jeep at auction.

25.     By letter dated May 25, 2011, the Bank informed Brennan that after the Jeep was sold there was a claimed deficiency of $4,733.22.  A true and correct copy of this "Deficiency Notice" is attached as Exhibit "B" hereto.

26.     The Deficiency Notice fails to set forth the information required by the Code, 13 Pa. C.S. § 9616.

27.     The Bank sent the same form Deficiency Notice (or sent no Deficiency Notice at all) to many consumers across Pennsylvania.  It is believed and therefore averred that the Bank's failure to give proper explanation of deficiency is a pattern or consistent with a practice of non-compliance with the requirements of Pennsylvania law and Article 9 of the UCC.

*Colino's Experience*

28.     On or about May 14, 2009, Plaintiff, Anthony Colino purchased and financed a 2007 Ford 500 automobile for personal use from Dioguardi Auto Sales in Rochester, NY.

29.     The purchase money financing for Colino's vehicle purchase was provided by Defendant Bank.

30.     Defendant Bank financed the purchase of the Ford and took a security interest in the vehicle.

31.     In Colino's finance transaction, the Bank was the secured party, and monthly payments were made to the Bank.

32.     Plaintiff Colino fell behind on his monthly payments, and the Bank determined there was a default.

33.     On or about April 29, 2010, the Bank, as the lender and secured party, repossessed Colino's Ford automobile or ordered that it be repossessed.

34.     New York law requires a prompt post-repossession notice to the borrower advising of the repossession and the borrow can "redeem" (or get his car back) by paying past due payments and fees, the method of intended disposition, whether the debtor may be liable for a deficiency or entitled to a surplus and other information.

35.     By letter dated April 30, 2010, the Bank sent Mr. Colino a Notice of Right to Redeem Motor Vehicle ("Repossession Notice"), a copy of which is attached hereto as Exhibit "C".  The form Repossession Notice was nearly identical to that sent to Ms. Brennan.

36.     The second page of the Bank's mailing contains a heading "Notice of Sale".  This page states that: "on or after 05/10/2010, at EXPRESSWAY AUTO AUCTION INC 585-335-6071 the undersigned will sell for cash at AUCTION to the highest bidder in conformity with the laws of the State of New York related to conditional sales or chattel mortgage financing," Colino's vehicle. (Ex. "C").

37.     The Repossession Notice does not state the method of intended disposition.

38.     While stating the vehicle will be sold "at AUCTION", it does not state whether the car will be sold by public or by private sale.

39.     The Repossession Notice does not advise the borrower that he is entitled to an accounting of any unpaid indebtedness, nor the charge (if any) for such an accounting, as the Code requires.

40.     The Repossession Notice does not provide a description of any liability for a deficiency of the person to whom the notification is sent.

41.     The Bank sent the same form Repossession Notice to many consumers across New York.

42.     Upon information and belief, at some point thereafter the Bank sold Colino's vehicle at auction.

43.     By letter dated July 12, 2010, the Bank informed Colino that after the Ford was sold there was a claimed deficiency of $6,927.67.  A true and correct copy of this "Deficiency Notice" is attached as Exhibit "D" hereto.

44.     The Deficiency Notice fails to set forth the information required by the Code, N.Y. U.C.C. Law § 9-616(McKinney).

45.     The Bank sent the same form Deficiency Notice (or sent no Deficiency Notice at all) to many consumers across New York.  It is believed and therefore averred that the Bank's failure to give proper explanation of deficiency, is a pattern or consistent with a practice of non-compliance with the requirements of New York law and Article 9 of the UCC.

*Bellomo's Experience*

46.     Plaintiff, Courtney Bellomo purchased and financed a vehicle for personal use.

47.     Defendant Bank financed the purchase of Bellomo's vehicle and took a security interest in it.

48.     On or about February 19, 2010, the Bank, as the lender and secured party, repossessed Bellomo's vehicle or ordered that it be repossessed.

49.     Upon information and belief, the Bank sent a form Repossession Notice which was materially identical to the one sent to Colino.

7

50.     Upon information and belief, the Bank sent Bellomo a form Deficiency Notice which was materially identical to the one sent to Colino.

***Governing Law***

51.     Article 9 of the Uniform Commercial Code ("UCC"), 13 Pa. C.S. § 9601; N.Y. U.C.C. Law § 9-601 et seq. (McKinney), governs the financing and repossession of motor vehicles in both Pennsylvania and New York.

52.     Under the UCC, "[E]very aspect of a disposition of collateral … must be commercially reasonable".  13 Pa. C.S. § 9610; N.Y. U.C.C. Law § 9-610(McKinney).  This includes post-repossession notice.

53.     Under the UCC, the Bank was required to provide "reasonable authenticated notification of disposition" of the collateral containing important mandatory information about the repossession and approaching sale of the collateral.  13 Pa. C.S. § 9611 – 9614; N.Y. U.C.C. Law § 9-611-9-614(McKinney).

**A.     *Repossession Notice***

54.     The Bank's form Repossession Notice failed to provide proper and reasonable notification of disposition to Plaintiff Brennan and the Class of Pennsylvania borrowers she seeks to represent, by:

> (a)     Failing to state the method of disposition, *viz.*, whether by public or private auction;

> (b)     Failing to list the time and place of any public sale *i.e.*, auction of the vehicle;

> (c)     Failing to state that the debtor is entitled to an accounting of the unpaid indebtedness and the charge, if any, for such an accounting;

> (d)     Failing to provide a description of any liability for a deficiency of the person to whom the notification is sent; or

(e)     Failing to send any Repossession Notice at all.

(*See* Ex. "A" hereto).

55.     The Bank's Repossession Notice failed to provide proper and reasonable notification of disposition to Plaintiffs Colino and Bellomo and the Class of New York borrowers they seek to represent, by:

(a)     Failing to state the method of disposition, *viz.*, whether by public or private auction;

(b)     Failing to list the time and place of any public sale *i.e.*, auction of the vehicle;

(c)     Failing to state that the debtor is entitled to an accounting of the unpaid indebtedness and the charge, if any, for such an accounting;

(d)     Failing to provide a description of any liability for a deficiency of the person to whom the notification is sent; or

(e)     Failing to send any Repossession Notice at all.

(*See* Ex. "C" hereto).

56.     In the course of the repossession and disposition process, the Bank did not act in a commercially reasonable manner toward Plaintiffs and the Class by not providing the required or adequate notice of plan to sell the collateral.  13 Pa. C.S. § 9610, 9611- 9614; N.Y. U.C.C. Law § 9-610, 9-611-9-614(McKinney).

**B.**     **_Deficiency Notice_**

57.     If a deficiency remains after the sale of the vehicle, the UCC requires that a creditor send an explanation of the claimed deficiency.

58.     The explanation of the claimed deficiency must be in writing and must provide certain specific information.  13 Pa. C.S. § 9616; N.Y. U.C.C. Law § 9-616(McKinney).

59.     The Deficiency Notice sent to Ms. Brennan (Ex. "B") does not comply with the requirements of the UCC, 13 Pa. C.S. § 9616 in that the notice fails to:

(a)     state that future debits, credits, charges, including additional credit service charges or interest, rebates and expenses may affect the amount of the surplus or deficiency; and

(b)     provide in the following order:

(1)     the aggregate amount of the obligation secured by the security interest under which the disposition was made, and if the amount reflects a rebate of unearned interest or credit service charge, an indication of that fact, and a calculation thereof;

(2)     the amount of proceeds of the disposition;

(3)     the aggregate amount of the obligations after deducting the amount of the proceeds;

(4)     the amount, in the aggregate or by type, and types of expenses, including expenses of retaking, holding, preparing for disposition, processing and disposing of the collateral and attorney's fees secured by the collateral which are known to the secured party and relate to the current disposition;

(5)     the amount, in the aggregate or by type and types of credits, including rebate of interest or credit service charges, to which the obligor is known to be entitled; and

(6)     the amount of the surplus or deficiency.

(*See* Ex. "B").

60.     The Deficiency Notice sent to Mr. Colino (*See* Ex. "D") and Ms. Bellomo does not comply with the requirements of N.Y. U.C.C. Law § 9-616(McKinney) in that the notice fails to :

(a)     state that future debits, credits, charges, including additional credit service charges or interest, rebates and expenses may affect the amount of the surplus or deficiency; and

(b)     provide in the following order:

(1)     the aggregate amount of the obligation secured by the security interest under which the disposition was made, and if the amount

reflects a rebate of unearned interest or credit service charge, an indication of that fact, and a calculation thereof;

(2)      the amount of proceeds of the disposition;

(3)      the aggregate amount of the obligations after deducting the amount of the proceeds;

(4)      the amount, in the aggregate or by type, and types of expenses, including expenses of retaking, holding, preparing for disposition, processing and disposing of the collateral and attorney's fees secured by the collateral which are known to the secured party and relate to the current disposition;

(5)      the amount, in the aggregate or by type and types of credits, including rebate of interest or credit service charges, to which the obligor is known to be entitled; and

(6)      the amount of the surplus or deficiency.

(*See* Ex. "D").

### *Statutory Damages Formula*

61.    The UCC, at 13 Pa. C.S. § 9625(c)(2), and N.Y. U.C.C. Law § 9-625(c)(2)(McKinney), provides for damages for a secured party's failure to follow the proper procedures upon repossession, such as defective Repossession Notice.  The statute allows consumer debtors such as the Plaintiffs (and the putative class) to recover "in any event" minimum damages of not less than the credit service charge plus 10% of the principal amount of the obligation.

62.    The statutory damages are derived from a simple, straightforward and uniform arithmetic calculation.

63.    The two figures needed for the statutory damage calculation are generally determinable from the face of the consumer's loan contract or Retail Installment Sale Contract.

64.     For example, in Brennan's case, the statutory minimum damages are computed by summing $4,808.56 (credit service, or finance charge) + $2,103.07 (10% of amount financed) = $6,911.63.  In Colino's case, the statutory minimum damages are computed by summing $4,030.04 (credit service, or finance charge) + $1,879.09 (10% of amount financed) = $5,909.13.

65.     The Official Comments to the UCC are entitled to great weight under both Pennsylvania and New York law.  Official Comment number 4 to Section 9625 makes clear that the damages are both intended by the Act and uniform, regardless of whether "actual damages" are greater, lesser or not proven but presumed.  That Comment states in pertinent part:

> "**4.    Minimum Damages in Consumer-Goods Transactions.**
> Subsection (c)(2) provides a minimum, statutory, damage recovery for a debtor and secondary obligor in a consumer-goods transaction. It is patterned on former Section 9-507(1) and is designed to ensure that every noncompliance with the requirements of Part 6 in a consumer-goods transaction results in liability, regardless of any injury that may have resulted.  Subsection (c)(2) leaves the treatment of statutory damages as it was under former Article 9."

66.     A secured party who fails to send the appropriate explanation of a deficiency is liable for $500.00 statutory damages if its noncompliance was part of a pattern or consistent with a practice of noncompliance.   13 Pa. C.S. § 9625(e)(5); N.Y. U.C.C. Law § 9-625(e)(5)(McKinney).

## IV.    CLASS ALLEGATIONS

67.     Plaintiffs bring this action on their own behalf and on behalf of two classes and subclasses designated pursuant to Fed. R. Civ. P. 23(b)(3).

### Class A and Subclass A – Pennsylvania Consumers

68.     Plaintiff Brennan proposes to define Class A as All Persons:

(a)     who financed a vehicle primarily for consumer use through

Community Bank individually or doing business as First Liberty Bank & Trust, or whose consumer loan contract or installment sales contract was assigned to the Bank;

(b)     who had a Pennsylvania address as of the date of repossession;

(c)     from whom the Bank, as secured party, repossessed the financed vehicle, or ordered it repossessed; and

(d)     who were <u>not</u> sent a Notice of Right to Redeem Motor Vehicle ("Repossession Notice") which:

(1)     stated the method of disposition, *i.e.*, whether a public or private sale;

(2)     listed the time and place of any public sale of the vehicle;

(3)     stated that the debtor is entitled to an accounting of the unpaid indebtedness and the charge, if any, for such an accounting; and

(4)     provided a description of any liability for a deficiency of the person to whom the notification is sent;

(e)     or, were sent no notice at all;

(f)     in the period commencing October 30, 2007, through the date of class certification.

69.     Plaintiff Brennan proposes to define Subclass A as All Persons:

(a)     who financed a vehicle primarily for consumer use through Community Bank, individually or doing business as First Liberty Bank & Trust or whose loan contract or installment sales contract was assigned to the Bank;

(b)     who had a Pennsylvania address as of the date of repossession;

(c)     from whom the Bank, as secured party, repossessed the vehicle, or ordered it repossessed;

(d)     whose vehicle was sold by the Bank, but leaving a claimed deficiency balance or surplus;

(e)     who were sent an explanation of an alleged deficiency or surplus ("Deficiency Notice") that failed to:

(1) state that future debits, credits, charges, including additional credit service charges or interest, rebates and expenses may affect the amount of the surplus or deficiency;

(2) provide in the following order:

(i)     the aggregate amount of the obligation secured by the security interest under which the disposition was made, and if the amount reflects a rebate of unearned interest or credit service charge, an indication of that fact, and a calculation thereof;

(ii)    the amount of proceeds of the disposition;

(iii)   the aggregate amount of the obligations after deducting the amount of the proceeds;

(iv)    the amount, in the aggregate or by type, and types of expenses, including expenses of retaking, holding, preparing for disposition, processing and disposing of the collateral and attorney's fees secured by the collateral which are known to the secured party and relate to the current disposition;

(v)     the amount, in the aggregate or by type and types of credits, including rebate of interest or credit service charges, to which the obligor is known to be entitled; and

(vi)    the amount of the surplus or deficiency.

(f)     or, were sent no Deficiency Notice at all;

(g)     in the period commencing October 30, 2007, through the date of class certification.

## Class B and Subclass B – New York Consumers

70.   Plaintiffs Colino and Bellomo propose to define Class B as All Persons:

(a)     who financed a vehicle primarily for consumer use through Community Bank, or whose consumer loan contract or installment sales contract was assigned to the Bank;

(b)     who had a New York address as of the date of repossession;

(c)     from whom the Bank, as secured party, repossessed the financed vehicle, or ordered it repossessed; and

14

(d)     who were <u>not</u> sent a Notice of Right to Redeem Motor Vehicle ("Repossession Notice") which:

    (1) stated the method of disposition, *i.e.*, whether a public or private sale;

    (2) listed the time and place of any public sale of the vehicle;

    (3) stated that the debtor is entitled to an accounting of the unpaid indebtedness and the charge, if any, for such an accounting;

    (4) provided a description of any liability for a deficiency of the person to whom the notification is sent;

(e)     or, were sent no notice at all;

(f)     in the period commencing six years prior to the filing of the Amended Complaint in this action, through the date of class certification.

71.     Plaintiffs Colino and Bellomo propose Subclass B to be defined as All Persons:

(a)     who financed a vehicle primarily for consumer use through Community Bank, or whose loan contract or installment sales contract was assigned to the Bank;

(b)     who had a New York address as of the date of repossession;

(c)     from whom the Bank, as secured party, repossessed the vehicle, or ordered it repossessed;

(d)     whose vehicle was sold by the Bank, but leaving a claimed deficiency balance; and

(e)     who were sent an explanation of an alleged deficiency or surplus ("Deficiency Notice") that failed to:

    (1) state that future debits, credits, charges, including additional credit service charges or interest, rebates and expenses may affect the amount of the surplus or deficiency;

    (2) provide in the following order:

        (j)     the aggregate amount of the obligation secured by the

security interest under which the disposition was made, and if the amount reflects a rebate of unearned interest or credit service charge, an indication of that fact, and a calculation thereof;

(ii)     the amount of proceeds of the disposition;

(iii)     the aggregate amount of the obligations after deducting the amount of the proceeds;

(iv)     the amount, in the aggregate or by type, and types of expenses, including expenses of retaking, holding, preparing for disposition, processing and disposing of the collateral and attorney's fees secured by the collateral which are known to the secured party and relate to the current disposition;

(v)     the amount, in the aggregate or by type and types of credits, including rebate of interest or credit service charges, to which the obligor is known to be entitled; and

(vi)     the amount of the surplus or deficiency.

(f)     or, were sent no Deficiency Notice at all;

(g)     in the period commencing six years prior to the filing of the Amended Complaint in this action, through the date of class certification.

72.     Each class and subclass number at least in the hundreds, and are so numerous that joinder of all members is impractical.  This matter involves nearly identical form notices sent to consumers in Pennsylvania and New York.

73.     The classes and subclasses are readily ascertainable by review of Defendant's own records of vehicles financed, vehicles repossessed, and deficiencies sought.

74.     There are questions of law or fact common to each class.  These include:

(a)     Whether Plaintiffs and the class(es) obtained motor vehicle financing through  the Bank and pledged the vehicle as collateral;

(b)     Whether the Bank repossessed the financed vehicle or ordered it repossessed;

(c) Whether the Bank failed to send the form notice of disposition of collateral required under the UCC after repossessing a vehicle;

(d) Whether the Bank failed to send the form notice of disposition of collateral in the form and manner required under the UCC and state law after repossessing a vehicle;

(e) The uniform statutory damages provided for such misconduct;

(f) As relates to the subclasses, whether the Bank failed to send an explanation of surplus or deficiency in the form and manner required by the UCC as set forth above;

(g) Whether the failure to send the required explanation of deficiency was part of a pattern or consistent with a practice of non-compliance; and

(h) The uniform statutory damages provided for such misconduct.

75.     The claims of the Plaintiffs are typical of those of the class.  All are based on the same factual and legal theories.  All class members financed automobiles through the Bank and pledged their vehicle as collateral.  The Bank declared a default on all.  All class members either were sent an improper form notice of disposition of collateral (the Repossession Notice), or were sent no notice at all.

76.     The claims of the Plaintiffs are also typical of those of the subclass.  All have an additional claim for improper Deficiency Notice, entitling them to statutory damages.

77.     Plaintiffs will fairly and adequately protect the interests of the class and subclass.  Plaintiffs have no interest antagonistic to those of the class or subclass.

78.     Plaintiffs' counsel is competent and experienced in consumer class actions.

79.     The Bank has acted on grounds generally applicable to the class and subclass, thereby making final relief appropriate with respect to the class and subclass as a whole.

80.     The questions of law and fact common to the class and subclass predominate over any questions affecting only individual members.

81.     The prosecution of several separate actions by the members of the class or subclass would create a risk of inconsistent or varying adjudications.

82.     This class action provides a fair and efficient method for adjudication of the controversy.

83.     The class members and subclass members are consumer debtors who may be unable to locate or afford to hire lawyers, particularly in light of the modest size of any individual recovery, the absence of statutory counsel fees, and the specialized nature of the law of secured transactions and motor vehicle finance regulation.

84.     The size of the class(es) and subclass(es), and any trial would be readily manageable.

**COUNT I**
**PENNSYLVANIA UNIFORM COMMERCIAL CODE**
**(CLASS A:  REPOSSESSION NOTICE)**

85.     Plaintiffs repeat the allegations set forth above as if the same were set forth at length herein.

86.     Defendant Bank violated Pennsylvania's Uniform Commercial Code by failing to provide proper notice of disposition of collateral as set forth above.

87.     Defendant Bank failed to act in a commercially reasonable manner by failing to provide a proper Notice of Repossession of collateral, 13 Pa. C.S. § 9610, 9611- 9614.

**WHEREFORE**, Plaintiffs pray that this Court certify the matter as a class action and enter judgment for Plaintiffs and the class members:

(a)     Awarding statutory damages to Plaintiffs and to the class as provided by the UCC, 13 Pa. C.S. § 9625(c);

(b)     Awarding prejudgment interest;

(c)     Declaring that the repossession notice used by Defendant in respect to Plaintiff Brennan and the Pennsylvania class fails to comport with the provisions of Pennsylvania law;

(d)     Granting such other and further relief as may be deemed just and proper.

**COUNT II**
**PENNSYLVANIA UNIFORM COMMERCIAL CODE**
**(SUBCLASS A:  DEFICIENCY NOTICE)**

88.     Plaintiffs repeat the allegations set forth above as if the same were set forth at length herein.

89.     Defendant Bank violated Pennsylvania's Uniform Commercial Code by failing to provide proper explanation of an alleged deficiency balance or surplus.  13 Pa. C.S. § 9616(b).

**WHEREFORE**, Plaintiffs pray that this Court certify the subclass and enter judgment for Plaintiffs and the subclass members:

(a)     Awarding statutory damages of $500 per subclass member as provided by the UCC, 13 Pa. C.S. § 9625(e)(5);

(b)     Awarding prejudgment interest;

(c)     Declaring that the explanation of deficiency or surplus used by Defendant in respect to Plaintiff Brennan and the Pennsylvania subclass fails to comport with the provisions of Pennsylvania law;

(d)     Granting such other and further relief as may be deemed just and proper.

**COUNT III**
**NEW YORK UNIFORM COMMERCIAL CODE**
**(CLASS B:  REPOSSESSION NOTICE)**

90.     Plaintiffs repeat the allegations set forth above as if the same were set forth at length herein.

91.     Defendant Bank violated New York's Uniform Commercial Code by failing to provide proper notice of disposition of collateral as set forth above.

92.     Defendant Bank failed to act in a commercially reasonable manner by failing to provide a proper Notice of Repossession of collateral, N.Y. U.C.C. Law § 9-610, 9-611-9-614(McKinney).

**WHEREFORE**, Plaintiffs pray that this Court certify the matter as a class action and enter judgment for Plaintiffs and the class members:

      (a)     Awarding statutory damages to Plaintiffs and to the class as provided by the UCC, N.Y. U.C.C. Law § 9-625(c)(McKinney);

      (b)     Awarding prejudgment interest;

      (c)     Declaring that the repossession notice used by Defendant in respect to Plaintiffs Colino, Bellomo, and the New York class fails to comport with the provisions of New York law;

      (d)     Granting such other and further relief as may be deemed just and proper.

## COUNT IV
## NEW YORK UNIFORM COMMERCIAL CODE
## (SUBCLASS B:  DEFICIENCY NOTICE)

93.    Plaintiffs repeat the allegations set forth above as if the same were set forth at length herein.

94.    Defendant Bank violated New York's Uniform Commercial Code by failing to provide proper explanation of an alleged deficiency balance or surplus.  N.Y. U.C.C. Law § 9-616(b)(McKinney).

**WHEREFORE**, Plaintiffs pray that this Court certify the subclass and enter judgment for Plaintiffs and the subclass members:

(a)    Awarding statutory damages of $500 per subclass member as provided by the UCC, N.Y. U.C.C. Law § 9-625(e)(5)(McKinney);

(b)    Awarding prejudgment interest;

(c)    Declaring that the explanation of deficiency or surplus used by Defendant in respect to Plaintiffs Colino, Bellomo, and the New York subclass fails to comport with the provisions of New York law;

(d)    Granting such other and further relief as may be deemed just and proper.

Respectfully submitted:

Date:  7/15/14

/s/ Cary L. Flitter
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
FLITTER LORENZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA  19072
(610) 822-0782

EUGENE C. KELLEY
PATRICK WALSH
TIMOTHY POLISHAN
KELLEY, POLISHAN, WALSH &
SOLFANELLI, LLC
259 South Keyser Avenue
Old Forge, PA 18518
570-562-4520

M. SCOTT BARRETT
(*Pro Hac to be Submitted*)
BARRETT WYLIE, LLC
Showers Plaza - P.O. Box 5233
320 West 8th Street - Suite 100
Bloomington, IN 47407-5233
(812) 334-2600

**Attorneys for Plaintiff and the Class**

# EXHIBIT "A"



FIRST LIBERTY BANK & TRUST
a division of COMMUNITY BANK, N.A.

CAROL A BRENNAN
1405 CHAPMAN LAKE RD., JERMYN, PA 18433

&

Account No ████092                              Date:        05-Apr-11

## NOTICE OF RIGHT TO REDEEM MOTOR VEHICLE

| YEAR | MAKE & MODEL | COLOR | SERIAL NO. |
|------|--------------|-------|------------|
| 2003 | JEEP GR CHEROKEE | BLUE | ████3631 |

You may redeem the motor vehicle described above by paying $2,072.33    as of date of this
notice. This amount will increase to compensate for the costs of holding the motor vehicle
and other reasonable expenses related to the resale of the motor vehicle incurred after the
date of this notice.  Your right to redeem will continue until the vehicle is sold.  You may obtain
further information about your right to redeem by contacting:

YOU HAVE UNTIL    04/20/2011    TO REDEEM.  FIRST LIBERTY BANK & TRUST
                                            a division of Community Bank, N.A.
                                            85-91 MAIN STREET
                                            CANTON, NEW YORK 13617

                                            Tracey L. Berger
                                            (Agent for Resale)
                                            800-882-3982

This vehicle is stored at    NUNZI'S AUTOMOTIVE SALES

Until    04/20/2011



NOTICE OF SALE

THE TERMS OF THE SALE ARE CASH AND FIRST LIBERTY BANK & TRUST a division of COMMUNITY BANK, N.A. MAKES NO REPRESENTATION AS TO THE CONDITION OF THE SAID COLLATERAL, AND THIS SALE IS MADE WITHOUT ANY WARRANTIES

TAKE NOTICE that on or after   04/20/2011
NUNZI'S AUTOMOTIVE SALES & SERVICE @570-347-4000          will sell
for cash at AUCTION to the highest bidder in conformity with the laws of the State of New York relating
to conditional sales or chattel mortgage financing, the following property to wit:

ONE (1)   2003        JEEP      GH CHEROKEE        UTILITY    BLUE

Identification number                    3631        The undersigned reserves the right to bid and

purchase at said sale   This property was repossessed from   CAROL A BRENNAN
                                                     1405 CHAPMAN LAKE RD , JERMYN, PA 18433

                                   Address:  FIRST LIBERTY BANK & TRUST
                                             a division of COMMUNITY BANK, N.A
                                             P O  BOX 509
                                             CANTON, NY 13617

Date:      05-Apr-11                  BY:    Tracey L  Berger
RLN#              002                        (Agent for Resale)

                                   Telephone #:    1-800-882-3982

# EXHIBIT "B"

*In New York State*                                      *In Pennsylvania*



**COMMUNITY BANK, N.A.**
*Bank and trust in us.*



a division of COMMUNITY BANK, N.A.

MAY 25, 2011

CAROL A BRENNAN
1405 CHAPMAN LAKE ROAD
JERMYN, PA 18433

ACCOUNT #: ███████092
COLLATERAL: 2003 JEEP GRAND CHEROKEE
BALANCE DUE: $4,733.22

Dear CAROL,

The above collateral sold at auction for $2,000.00. *This account now reports as an unpaid charge off on your credit report. Derogatory credit information could severely hamper future credit needs.*

As indicated on your loan contract you are responsible for this deficiency balance and are required to pay this balance off. I would be more than willing to work out a **reasonable monthly repayment arrangement** with you. Please call me at 1-800-835-2993, extension 4537 between 8:00 a.m. and 5:00 p.m. Monday through Friday. You have 10 days from receipt of this letter to respond. *Failure to pay this deficiency balance will result in legal collection action taken against you and that expense will be added to your balance. Please remember that interest will continue to accrue daily.*

Very truly yours,

Sheri Drake
Recovery Representative
Loan Adjustments
Sheri.drake@communitybanking.com

45-49 Court St - PO Box 509 - Canton, NY 13617

MEMBER
FDIC

# EXHIBIT "C"

## COMMUNITY BANK, NATIONAL ASSOCIATION

ANTHONY F COLINO
1519 WINTON RD., ROCHESTER, NY 14609

Account No. ▓▓▓▓5808 ▓▓                          Date:        <u>30-Apr-10</u>

### NOTICE OF RIGHT TO REDEEM MOTOR VEHICLE

| YEAR | MAKE & MODEL | COLOR | SERIAL NO. |
|------|--------------|-------|-----------|
| 2007 | FORD FIVE HUNDRED | SILVER | ▓▓▓▓▓▓▓▓1752 |

You may redeem the motor vehicle described above by paying $872.42   as of date of this notice. This amount will increase to compensate for the costs of holding the motor vehicle and other reasonable expenses related to the resale of the motor vehicle incurred after the date of this notice. Your right to redeem will continue until the vehicle is sold. You may obtain further information about your right to redeem by contacting:

**YOU HAVE UNTIL    05/10/2010    TO REDEEM.** COMMUNITY BANK, N.A.
85-91 MAIN STREET
CANTON, NEW YORK 13617

Tracey L Brunet
(Agent for Resale)
800-662-3962

# EXHIBIT "D"

## COMMUNITY BANK, N.A.
*Bank and trust in us.*

 **First Liberty**
**Bank & Trust**
a division of COMMUNITY BANK, N.A.

07/12/2010

ANTHONY F COLINO
316 CULVER PKWY
ROCHESTER NY  14609-4557

RE:   ACCOUNT #:    [redacted]5909
       COLLATERAL:   07 FORD 500
       BALANCE DUE:   $6,927.67

DEAR ANTHONY:

The above collateral sold at auction for $10,800.00. **This account now reports as an unpaid charge off on your credit report. Derogatory credit information could severely hamper future credit needs.**

As indicated on your loan contract you are responsible for this deficiency balance and are required to pay this balance off.   I would be more than willing to work out a **reasonable monthly repayment** arrangement with you. Please call me at 1-800-835-2993, extension 4597 between 8:00 a.m. and 5:00 p.m. Monday through Friday.  You have <u>30</u> days from receipt of this letter to respond.  *Failure to pay this deficiency balance will result in legal collection action taken against you and that expense will be added to your balance. Please remember that interest will continue to accrue daily.*

Very truly yours,

Sheri Drake
Recovery Representative
Loan Adjustments
Sheri.drake@communitybankna.com