IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL A. BRENNAN, ANTHONY COLINO, COURTNEY BELLOMO, individually and on behalf of all others similarly situated,<br>Plaintiffs<br><br>vs.<br><br>COMMUNITY BANK, N.A.,<br>Defendant | CLASS ACTION<br><br><br><br><br><br><br><br><br>NO. 13-CV-02939 (MEM) |

**AMENDED ORDER OF PRELIMINARY DETERMINATION ON CLASS CERTIFICATION, PRELIMINARILY APPROVING CLASS SETTLEMENT AND DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS**

AND NOW, this 14th day of July, 2015, the Court having issued its July 6, 2015 Order (Doc. No. 97) granting Plaintiffs' unopposed Motion (Doc. No. 87) for Preliminary Approval of Revised Class Action Settlement, the Court finds it appropriate to address certain Rule 23 factors, to set dates and to approve the form of Notice. Any reference to Preliminary Approval Order in this or the Agreement of Settlement, shall refer to this instant Amended Order and its issue date. The Courts finds and ORDERS as follows:

1. **Summary of Claims and Defenses:**

The Plaintiffs, Carol A. Brennan, Anthony Colino, and Courtney Bellomo filed an Amended Class Complaint in a matter fashioned as *Carol A. Brennan,*

*Anthony Colino, Courtney Bellomo, individually and on behalf of all others similarly situated v. Community Bank, N.A.*, at Docket No. 13-cv-2939.

The Plaintiffs claim that Community Bank, N.A. (or "the Bank"), violated the Uniform Commercial Codes ("UCC") of Pennsylvania and New York by failing to send borrowers proper notice of their rights after repossession of their vehicle(s). Plaintiffs assert the Defendant's Repossession Notice fails to state whether the post-repossession sale would be public or private, that the consumer was entitled to an accounting, and that the consumer may be liable for a deficiency. Plaintiffs also contend the Bank's Deficiency Notice sent after sale does not contain the information required by the UCC § 9616. Defendant contends its Repossession Notices comply with the UCC. Defendant further contends that many of the members of the Class owe the Bank money for balances still allegedly due on their accounts following the sale of their vehicle(s) at auction. The Bank also contends that Plaintiffs' claims are time-barred in whole or in part.

2. **Class Findings.**

   a) The numerosity requirement of Fed.R.Civ.P. 23(a)(1) is satisfied because the Class numbers approximately 2956 (approximately 832 Pennsylvania residents and 2124 New York residents). Thus, the Class is so numerous that joinder would be impracticable.

b) The commonality requirement of Fed.R.Civ.P. 23(a)(2) is satisfied because members of the Class share at least one common factual or legal issue, *i.e.*, (i) whether the Bank failed to send to Class Members a Notice of Repossession that sets forth the method of disposition, right to accounting and deficiency liability disclosures, as required by the Uniform Commercial Code, which mandates commercially reasonable notice of disposition of collateral; and (ii) whether the Class is entitled to the minimum statutory damages provided by the Code.

c) The typicality requirement of Fed.R.Civ.P. 23(a)(3) is satisfied because Plaintiffs seek to obtain a determination that Defendant engaged in uniform misconduct against members of the Class and because Plaintiffs seek to obtain a determination that this alleged common practice was unlawful on behalf of all Class Members who were alleged to have been damaged by the practice. All Class Members are Pennsylvania or New York obligors whose vehicle was repossessed by Defendant but who allegedly were not sent adequate Repossession Notices. All Sub-Members were Pennsylvania or New York obligors whose vehicle was repossessed and not redeemed or reinstated before auction, and who allegedly were not sent adequate Deficiency Notices.

3

d) The adequacy requirement of Fed.R.Civ.P. 23(a)(4) is satisfied in that (i) the interests of the Representative Plaintiffs and the nature of their claims are consistent with those of all members of the Class, (ii) there appear to be no conflicts between or among the Representative Plaintiffs and the Class Members, and (iii) the Representative Plaintiffs and the Class Members are represented by three qualified law firms who have been often certified as Class Counsel in similar matters, and who, to date, have advanced litigation costs on behalf of Plaintiffs and the Class, have agreed to continue to so advance all litigation costs, and are experienced in preparing and prosecuting class actions such as this.

e) The Court has also considered the provisions of Fed.R.Civ.P. 23(g)(1) and finds that Class Counsel has identified the proper issues, is sufficiently experienced, is knowledgeable about applicable Pennsylvania, New York, and federal law and has adequate resources to commit to the Class Litigation. By Order dated June 25, 2015 (docketed July 6, 2015 at Doc. No. 98) the Court granted Plaintiffs' Motion (Doc. No. 61) for Appointment of Interim Class Counsel.

f) The requirement of Fed.R.Civ.P. 23(b)(3) that a class action for settlement purposes provides a fair and efficient method for the resolution of the controversy is satisfied, and a Class Action for

settlement purposes is a superior method to other available methods for a fair and efficient resolution of the Class's claims.

g) Common issues of law and fact alleged by Plaintiffs predominate over any potential individual issues, including the alleged common issue of whether form letter(s) sent by Defendant post-repossession comply with the provisions of the UCC's requirement of "commercially reasonable" notice to be sent by secured parties after repossession of collateral.

h) In making these preliminary findings, the Court has also given consideration to, among other factors: (i) the interests of Class Members in individually controlling the prosecution of separate actions for modest sums; (ii) the extent and nature of any litigation concerning these claims already commenced; (iii) the desirability of concentrating the litigation of the claims in this forum; (iv) the impracticability or inefficiency of prosecuting or defending separate actions. Fed.R.Civ.P. 23(b)(3).

i) However, the Court also notes that, because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues

in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

3. **The Class.**

a) The Class is divided into three (3) groups of Class Members, and two (2) subgroups within each group:

1. <u>Group A</u>

(a) All persons who purchased a motor vehicle primarily for consumer use and who financed the vehicle through Defendant, or whose Retail Installment Sales Contract was assigned to Defendant;

(b) From whom Defendant, as secured party, repossessed the vehicle or ordered it repossessed;

(c) Had a Pennsylvania address as of the date of repossession; and

(d) Were not sent a Repossession Notice which:

(i) Provided a minimum of 15 days' notice of sale;

(ii) Specified whether the vehicle would be sold at a public or private sale;

(iii) Stated a description of any liability of the borrower for a potential Deficiency Balance;

(iv) Stated that the debtor is entitled to an accounting of the unpaid indebtedness and the charge, if any, for such an accounting; or

(e) Were sent no written notice at all; and

(f) For the period commencing October 30, 2007 through September 30, 2014; and

2. <u>Group B</u>.

(a) All persons who purchased a motor vehicle primarily for consumer use and who financed the vehicle through Defendant, or whose Retail Installment Sales Contract was assigned to Defendant;

(b) From whom Defendant, as secured party, repossessed the vehicle or ordered it repossessed;

(c) Had a New York address as of the date of repossession; and

(d) Were not sent a Repossession Notice which:

(i) Specified whether the vehicle would be sold at a public or private sale;

(ii) Stated a description of any liability of the borrower for a potential Deficiency Balance;

(iii) Stated that the debtor is entitled to an accounting of the unpaid indebtedness and the charge, if any, for such an accounting; or

(e) Were sent no written notice at all; and

(f) For the period commencing July 15, 2011, through September 30, 2014; and

3. <u>Group C</u>

(a) All persons who purchased a motor vehicle primarily for consumer use and who financed the vehicle through Defendant, or whose Retail Installment Sales Contract was assigned to Defendant;

(b) From whom Defendant, as secured party, repossessed the vehicle or ordered it repossessed;

(c) Had a New York address as of the date of repossession; and

(d) Were not sent a Repossession Notice which:

    (i) Specified whether the vehicle would be sold at a public or private sale;

    (ii) Stated a description of any liability of the borrower for a potential Deficiency Balance;

    (iii) Stated that the debtor is entitled to an accounting of the unpaid indebtedness and the charge, if any, for such an accounting; or

  (e) Were sent no written notice at all; and

  (f) For the period commencing July 15, 2008, through July 14, 2011; and

 b) A SubClass is made up of Sub-Members defined as all Members of Group A, B or C who:

  (a) Were sent a Deficiency Notice that failed to substantially comply with the following:

    (i) State that future debits, credits, charges, including additional credit service charges or interest, rebates and expenses may affect the amount of the surplus or deficiency;

    (ii) Provide in the following order:

     (A) The aggregate amount of the obligation secured by the security interest under which the disposition was made, and if the amount reflects a rebate of unearned interest or credit service charge, an indication of that fact, and a calculation thereof.

     (B) The amount of proceeds of the disposition;

     (C) The aggregate amount of the obligations after deducting the amount of the proceeds;

     (D) The amount, in the aggregate or by type, and types of expenses, including expenses of retaking, holding, preparing for disposition, processing and disposing of the collateral and

8

attorney's fees secured by the collateral which are known to the secured party and relate to the current disposition;

    (E)  The amount, in the aggregate or by type and types of credits, including rebate of interest or credit service charges, to which the obligor is known to be entitled; and

    (F)  The amount of the surplus or deficiency;

  (b)  Were sent no Deficiency Notice at all;

  (c)  For the period co-terminus with their respective Class Period through September 17, 2012;

  (d)  Whenever this Agreement refers to Members, it shall also mean Sub-Members, unless otherwise specified.

  4.  **Class Representatives and Class Counsel**

    a) Carol Brennan, Courtney Bellomo and Anthony Colino are appointed representatives of the Class ("Representative Plaintiffs");

    b) Cary L. Flitter, Theodore E. Lorenz, Andrew M. Milz, and the law firm of Flitter Lorenz, P.C.; Timothy P. Polishan of Kelley Polishan & Solfanelli, LLC; and M. Scott Barrett of Barrett Wylie, LLC are appointed as counsel to the Representative Plaintiffs and the Class ("Class Counsel");

  5.  **Findings Regarding Proposed Settlement.** The Court finds that: (a) the proposed amended settlement resulted from extensive arm's-length negotiations. The proposed Settlement was concluded after months of contested litigation

9

including a Motion to Remand, a dispositive Motion to Dismiss Plaintiff's Complaint on substantive grounds (statute of limitations), Defendant's Motion to Dismiss on mootness grounds, Plaintiff's Motion to Strike Offer of Judgment and Plaintiff's contested Motion for Leave to Amend; (b) the proposed settlement of this action involves direct and substantial cash payments to Class Members, as well as substantial valuable relief including modification of Class Members' credit reports, the option to obtain a complete release of deficiency balances and deficiency judgments; and (c) the proposed settlement evidenced by the Amended Settlement Agreement is *prima facie* fair, reasonable and adequate and warrants sending notice of this action and the proposed settlement to the Class Members, and holding a final hearing on the proposed settlement.

6. **Final Approval Hearing.** A hearing (the "Final Approval Hearing") will be held on _Oct. 14_, 2015, at _10:30 AM_, o'clock, in Courtroom _3_, William J. Nealon U.S. Courthouse, 235 Washington Avenue, Scranton, Pennsylvania to determine:

  a) Whether the proposed settlement of this action should be finally approved as fair, reasonable and adequate, and the matter finally certified under Rule 23;

  b) The propriety of any objection and the identity of any opt-outs;

  c) Whether this action should be dismissed with prejudice pursuant to the terms of the settlement;

  d) Whether Class Members should be bound by the release set forth in the proposed settlement; and

  e) Whether Plaintiffs' application for an award of attorneys' fees and expenses to Class Counsel, and Representative Plaintiffs' application for service awards should be approved.

**7. Pre-Hearing Notices to Class Members.** Subject to the terms of the Amended Settlement Agreement, an independent, third-party class action settlement administrator shall provide Class Members with notice in the manner set forth below. By virtue of this appointment, the Settlement Administrator is subject to the jurisdiction of this Court. With agreement of the parties, the Court approves A.B. Data, Ltd. of Milwaukee, WI, as Settlement Administrator.

**8. Notice by Mail.** The Settlement Administrator shall mail the Class Notice (with proper dates filled in) substantially in the form filed with this Court as Exhibit B to the Amended Settlement Agreement to the last-known address of each potential Class Member as reflected on Defendant's current and reasonably accessible records, and updated by the Administrator using the Postal Service NCOA database, and/or the Accurint database or other equivalent database, as necessary.

The Class Notice shall be sent by first-class mail, postage prepaid, no later than twenty (20) days following the entry of this Order.

9. **Proof of Mailing.** Before the Final Approval Hearing, the Settlement Administrator shall submit to Class Counsel an affidavit of mailing of the Class Notice. Class Counsel shall docket the affidavit promptly.

10. **Findings Concerning Notice.** The Court finds that notice given in the form and manner provided in paragraph 8 of this Order is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Class Members (i) of the settlement of this action, (ii) the deficiency cancellation and the option to elect against deficiency cancellation (and potential tax ramifications); (iii) of their right to exclude themselves from the Class and the proposed settlement, (iv) that any judgment, whether favorable or not, will bind all Class Members who do not request exclusion, and (v) that any Class Member who does not request exclusion may object to the settlement and, if he or she desires, enter an appearance personally or through counsel.

The Court further finds that the Class Notice proposed and submitted as an exhibit to the Renewed Motion for Preliminary Approval is of the type approved for use by the Federal Judicial Center (www.fjc.gov/public/home), is written in plain English and is readily understandable by Class Members. In sum, the Court finds that the proposed notice and methodology for giving notice are reasonable, that they

constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and other applicable law. The Court further finds that disclosure of data concerning class members to the Settlement Administrator is necessary for implementing the proposed notice program, and authorizes Community Bank to disclose such data to the Settlement Administrator as necessary to help effectuate notice and administration.

**11. CAFA Notice.** The Court finds that Community Bank's CAFA Notice of Proposed Settlement complies with 28 U.S.C. § 1715 and approves Community Bank's service of the Notice of Proposed Settlement on the state and federal officials designated.

**12. Exclusion from Class.** Any Class Member who wishes to be excluded from the Class must send a written request for exclusion to the Settlement Administrator at the address provided in the Settlement Class Notice. Any such exclusion request must be sent by first-class mail, postage prepaid, and must be postmarked no later than a date forty (40) days after the date the Notice is mailed by the Administrator. If the proposed settlement is approved, any Class Member who

has not submitted a timely, written request for exclusion from the Class shall be bound by all subsequent proceedings, orders and judgments in this action.

13. **Objections and Appearances.**

    a) **Written Objections.** Any Class Member who does not file a timely, written request for exclusion and comply with the requirements of this paragraph may not object to any aspect of the proposed settlement, including the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Class's representation by the Representative Plaintiffs or Class Counsel, the award of attorneys' fees and expenses, and/or the individual settlement award to the Representative Plaintiffs. A Class Member may assert such objections either on his or her own or through an attorney hired at his or her expense. To object, a Class Member must send a letter saying that he or she objects to the settlement in *Brennan v. Community Bank, N.A.*, Civil Action No. 13-CV-2939 (MEM). Any objection should state the reasons for the objection and why the objector thinks the Court should not approve the settlement. The objection must include the name, address, telephone number, email address, if available, signature, and the reasons for the objection to the settlement. The objection should be filed with the Clerk, U.S. District Court, 235 N. Washington Avenue,

14

P.O. Box 1148, Scranton, PA 18501-1148, with copies mailed to the three different places below, postmarked no later than forty (40) days from the date of the Notice.

| **Settlement Administrator** | **Class Lead Counsel** | **Defense Counsel** |
|---|---|---|
| A.B. Data, Ltd. Community Bank, N.A. Repo Settlement 600 A.B. Data Drive Milwaukee, WI 53217 | Cary L. Flitter FLITTER LORENZ, P.C. 450 N. Narberth Avenue, Suite 101 Narberth, PA 19072 | Jonathan B. Fellows BOND, SCHOENECK & KING, PLLC One Lincoln Center Syracuse, NY 13202 |

b) **Other Objections.** Any Class Member who does not timely file with the Court and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising any objection to the settlement. Any untimely objection shall be barred, absent extraordinary circumstances.

c) **Notice of Appearance.** If a Class Member hires an attorney to represent him or her, the attorney must file a notice of appearance with the Office of the Clerk, and deliver a copy of that notice to Defendant's counsel and to Class Counsel, at the addresses set forth in paragraph 10(a) of this Order. Class Counsel and Defendant's counsel must be sent any such notices of appearance and other filings contemporaneously with submission to the Court.

d) **Appearance at Final Approval Hearing.** Any Class Member who files and serves a timely, written objection pursuant to the terms of paragraph 13 of this Order and complies with the requirements of this paragraph may also appear and be heard at the Final Approval Hearing either in person or through counsel retained at the Class Member's expense. Class Members or their attorneys intending to appear and be heard at the Final Approval Hearing must deliver to the Court, and to Settlement Administrator, Defendant's counsel and Class Counsel, at the addresses specified in paragraph 10 of this Order, a notice of intention to appear, setting forth the case number and the name, address and telephone number of the Class Member (and, if applicable, the name of the Class Member's attorney). Notices of intention to appear must be postmarked no later than forty (40) days from the date of the mailing of the Notice. Any Class Member who does not timely file and serve a notice of intention to appear pursuant to the terms of this paragraph shall not be permitted to appear and be heard at the Final Approval Hearing, absent extraordinary circumstances.

14. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before the Court entered

this Order, if (a) the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Amended Settlement Agreement; or (b) the proposed settlement is terminated in accordance with the Amended Settlement Agreement or does not become effective as required by the terms of the Amended Settlement Agreement for any other reason. In such event, the proposed settlement and Amended Settlement Agreement shall become null and void and be of no further force and effect, and neither the Amended Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose.

15. **Use of Order.** This Order shall not be construed or used as an admission, concession, or finding by or against Defendant of any fault, wrongdoing, breach or liability, or of the appropriateness or permissibility of certifying a class on contest or for any purpose other than settlement. Nor shall the Order be construed or used as an admission, concession, or finding by or against Plaintiffs or the Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he or it may have.

16. **Continuance of Hearing.** The Court reserves the right to continue the Final Approval Hearing without further written notice.

BY THE COURT:

_____
Malachy E. Mannion, U.S.D.J.