**Internal Revenue Service**

Index Number: 6050P.00-00

Department of the Treasury
Washington, DC 20224

Third Party Communication: None
Date of Communication: Not Applicable

Person To Contact:
                    , ID No.

Telephone Number:

Refer Reply To:
CC:PA:01
PLR-128490-07

Date:
October 04, 2007

Legend

Company =
State X =
Act =
Statute 1 =
Date 1 =
Date 2 =
Asset =
Collection Remedy =

Dear Company:

This letter responds to the letter dated June 18, 2007, submitted on behalf of the Company, requesting the following ruling:

The Company is not required to file Forms 1099-C with respect to the write-off of balances and charges pursuant to its settlement agreement because the discharge was not the result of an "identifiable event" listed in section 1.6050P-1(b)(2) of the Income Tax Regulations, but rather was required by operation of state law.

Facts

The Company is a publicly traded corporation engaged in the Asset finance business whose financing products are offered through a nationwide network of Asset dealers. On Date 1, a class action lawsuit was filed by consumers in State X against the Company alleging violations of State X state law with respect to Asset financing contracts entered into with the Company. The lawsuit alleged several violations of State X law, including that the Company charged post-maturity interest and fees in excess of amounts due and that notices related to Collection Remedy did not meet statutory notice requirements. On Date 2, the Company and class plaintiffs signed a

EXHIBIT 2

PLR-128490-07                           2

Memorandum of Understanding (MOU) settling the entire class action lawsuit. The MOU provides, inter alia, that the lawsuit be dismissed with prejudice and that the Company, with respect to all class members who had been subject to Collection Remedy (Collection Remedy class members), write off any deficiency balances remaining after the Collection Remedy. Additionally, with respect to all other class members (other class members), the Company has agreed under the MOU to write off all charges (interest, fees, etc.) other than the net cash price of the Asset.

## Law & Analysis

Section 6050P of the Internal Revenue Code requires that an applicable entity report any discharges (in whole or in part) of indebtedness of any person in excess of $600.00. In addition, section 1.6050P-1(b)(2) of the Income Tax Regulations provides that a discharge of indebtedness occurs if one of the following identifiable events takes place:

(A) A discharge of indebtedness under title 11 of the United States Code (bankruptcy);
(B) A cancellation or extinguishment of an indebtedness that renders a debt unenforceable in a receivership, foreclosure, or similar proceeding in a federal or state court, as described in section 368(a)(3)(A)(ii) (other than a discharge described in paragraph (b)(2)(i)(A) of this section);
(C) A cancellation or extinguishment of an indebtedness upon the expiration of the statute of limitations for collection of an indebtedness, subject to the limitations described in paragraph (b)(2)(ii) of this section, or upon the expiration of a statutory period for filing a claim or commencing a deficiency judgment proceeding;
(D) A cancellation or extinguishment of an indebtedness pursuant to an election of foreclosure remedies by a creditor that statutorily extinguishes or bars the creditor's right to pursue collection of the indebtedness;
(E) A cancellation or extinguishment of an indebtedness that renders a debt unenforceable pursuant to a probate or similar proceeding;
(F) A discharge of indebtedness pursuant to an agreement between an applicable financial entity and a debtor to discharge indebtedness at less than full consideration;
(G) A discharge of indebtedness pursuant to a decision by the creditor, or the application of a defined policy of the creditor, to discontinue collection activity and discharge debt; or
(H) The expiration of the non-payment testing period, as described in paragraph (b)(2)(iv) of this section.

Out of the above events, only two have a potential bearing on the requested ruling.

The first possible event, section 1.6050P-1(b)(2)(F), states that an identifiable event exists where the applicable financial entity and debtor agree to discharge the indebtedness for less than full consideration. To establish consideration, there must be a performance or a return promised which has been bargained for by the parties. Restatement (Second) Contracts § 71(1) (1981). In this case, the Company (an applicable financial entity) and the debtors are agreeing to the entry of a Court approved

PLR-128490-07                                    3

and supervised judgment which incorporates the MOU. At first blush, it appears that there is an agreement between Company and its debtors to discharge indebtedness. The agreement however, merely reflects the operation of state law. With respect to the Collection Remedy class members, the write-off of all Collection Remedy deficiency balances is based upon applicable State X case law, which bars recovery of any deficiency balance remaining after Collection Remedy for failure to strictly comply with notice requirements. With respect to all other class members, the write-off of all charges other than the net cash price of the Asset is required under State X Statute 1, which bars recovery of these amounts when there has been a violation of the Act; in this case, the charging of interest and fees in excess of amounts due. Therefore, the decision to discharge these balances and charges is not triggered by an agreement between the Company and the debtors. The discharge is triggered by the applicable State X case law and statutes; the agreement simply reflects the law. The fact that the Company and plaintiffs chose to settle the lawsuit as opposed to going to trial is immaterial. Thus, section 1.6050P-1(b)(2)(F) of the Income Tax Regulations does not apply.

The second possible event, section 1.6050P-1(b)(2)(G), holds that a discharge of indebtedness exists where a creditor discontinues collection activity pursuant to a decision by the creditor or a defined policy of the creditor. According to section 1.6050P-1(b)(2)(iii), a creditor's defined policy includes both a written policy and the creditor's established business practice. Neither a decision nor a policy triggers the cancellation of indebtedness in this case. As stated above, the applicable State X case law and statutory provisions trigger the discontinuance of the Company's collection activity. Thus, section 1.6050P-1(b)(2)(G) does not apply.

Based on the above analysis, the discharges by the Company are not subject to the reporting requirements of section 6050P or the regulations thereunder.

## Conclusion

Based solely on the information provided and the representations made, we conclude that the Company is not required to file Forms 1099-C with respect to the write-off of balances and charges pursuant to its settlement agreement because the discharge was not the result of an identifiable event listed in section 1.6050P-1(b)(2), but rather was required by operation of state law.

This ruling is based on the facts presented and the applicable law in effect on the date of this letter. If there is a change in material fact or law (local or Federal) before the transactions considered in this ruling take effect, the ruling will have no force or effect.

Except as specifically ruled herein, no opinion is expressed as to the federal tax treatment of any issue addressed in this ruling under other provisions of the Internal Revenue Code and Regulations that may be applicable.

PLR-128490-07                    4

This ruling is directed only to the taxpayers requesting it. Section 6110(k)(3) of the Code provides that it may not be used or cited as precedent.

In accordance with the Power of Attorney on file with this office, a copy of this letter is being sent to your authorized representatives.

Sincerely,

Charles A. Hall
Senior Technician Reviewer,
Branch 1
(Procedure & Administration)

Enclosures:
Copy of letter
Copy for section 6110 purposes
cc:

Document Display

Checkpoint Contents
 Federal Library
  Federal Source Materials
   IRS Rulings & Releases
    Private Letter Rulings & TAMs, FSAs, SCAs, CCAs, GCMs, AODs & Other FOIA Documents
     Private Letter Rulings & Technical Advice Memoranda (1950 to Present)
      2002
       PLR/TAM 200212036 - 200212001
        PLR 200212004 -- IRC Sec(s). 6050P, 03/22/2002

Private Letter Rulings

# Private Letter Ruling 200212004, 03/22/2002, IRC Sec(s). 6050P

UIL No. 6050P.00-00

## Headnote:

Co. isn't required to file Forms 1099-C with respect to cancellation of outstanding liabilities on certain financing contracts because discharge was required by operation of state law and not as result of "identifiable event" listed in Reg. §1.6050P-1(b)(2), and interest accrued with respect to any refunds of amounts collected by co. under Reg. §1.6050P-1(b)(2) is reportable on Forms 1099-INT, if amount is $600 or greater.

*Reference(s):* Code Sec. 6050P;

## Full Text:

Release Date: 3/22/2002

Person to Contact:

Telephone Number:

(202) 622-4910

Refer Reply To:

CC:PA:APJP:B01/PLR-144031-01

Date:

December 20, 2001

Re:

## LEGEND

Company =

Document Display                                                                 Page 2 of 5

Parent =

State =

Act =

Date 1 =

Date 2 =

Date 3 =

Court =

Dear ·

This letter responds to the letter dated August 20, 2001, submitted on behalf of the Company, requesting the following rulings:

> (1) the Company is not required to file Forms 1099-C with respect to the cancellation of outstanding liabilities on certain financing contracts because the discharge was not the result of an "identifiable event" listed in section 1.6050P-1(b)(2) of the Income Tax Regulations, but rather was required by operation of state law;
> (2) the Company is not required to file Forms 1099-C with respect to any refunds of amounts it previously collected that would have been treated as discharged under operation of state law; and
> (3) any interest accrued with respect to any refunds of amounts collected by the Company under (b)(2) above is reportable on Forms 1099-INT, but only if the interest amount is $600.00 or more.

## Facts

Based upon the facts and the representations made, Company is a subsidiary of Parent.

The Company's primary business is throughout the United States, including State. The Company uses the accrual method of accounting. Company's taxable year is the calendar year. financing is documented by a contract. These financing transactions made to State consumers are made under contracts as defined and regulated by the Act. The terms of these contracts are set forth in pre-printed form documents which are the same or substantially similar except for the individualized customer and transaction information ("Form Agreements").

The Act regulates the

Form Agreements in State. Among other things, the Act imposes strict requirements upon holders of Form Agreements Under the terms of the Act, the holder must provide the with notice ( "Statutory Notice"). The Act further specifies the precise information and disclosures that must be included in the Statutory Notice. Absent strict compliance with the mandatory requirements for the Statutory Notice, a seller or holder may not lawfully collect the deficiency balance ( "Deficiency Balance").

On Date, a lawsuit was filed in the Court on behalf of the general public. The lawsuit alleges that the Statutory Notices that Company issued, as a result of the customers' failure to make payments under the Form Agreements, were materially defective.

As a result of the complaint, the court will issue an injunction preventing the collection of the Deficiency

Balances by Company. Although Company and the plaintiffs will stipulate to the entry of the injunction, the basis for the injunction is the the Act

Following the injunction, Company will enter into agreements with certain customers ("debtors") to refund, with interest, Deficiency Balances that were collected by Company from the customers who received allegedly defective Statutory Notices during this same time period. This agreement will address the logistics of refunding these Deficiency Balances such as the applicable interest rate and the method of contacting the customers. In addition, the agreement will contain a release that the customer must sign in order to receive a refund of the previously collected Deficiency Balance.

## Requested Rulings 1 and 2

Section 6050P of the Internal Revenue Code requires that an applicable entity report any discharges (in whole or in part) of indebtedness of any person in excess of $600.00. In addition, § 1.6050P-1(b)(2) of the Income Tax Regulations provides that a discharge of indebtedness occurs if one of the following identifiable events takes place:

    (A) A discharge of indebtedness under title 11 of the United States Code (bankruptcy);
    (B) A cancellation or extinguishment of an indebtedness that renders a debt unenforceable in a receivership, foreclosure, or similar proceeding in a federal or state court, as described in section 368(a)(3)(A)(ii) (other than a discharge described in paragraph (b)(2)(i)(A) of this section);
    (C) A cancellation or extinguishment of an indebtedness upon the expiration of the statute of limitations for collection of an indebtedness, subject to the limitations described in paragraph (b)(2)(ii) of this section, or upon the expiration of a statutory period for filing a claim or commencing a deficiency judgment proceeding;
    (D) A cancellation or extinguishment of an indebtedness pursuant to an election of foreclosure remedies by a creditor that statutorily extinguishes or bars the creditor's right to pursue collection of the indebtedness;
    (E) A cancellation or extinguishment of an indebtedness that renders a debt unenforceable pursuant to a probate or similar proceeding;
    (F) A discharge of indebtedness pursuant to an agreement between an applicable financial entity and a debtor to discharge indebtedness at less than full consideration;
    (G) A discharge of indebtedness pursuant to a decision by the creditor, or the application of a defined policy of the creditor, to discontinue collection activity and discharge debt; or
    (H) The expiration of the non-payment testing period, as described in paragraph (b)(2)(iv) of this section.

    Out of the above events, only two events contain language that may apply to the current situation.

The first possible event, § 1.6050P-1(b)(2)(F), states that an identifiable event exists where the applicable financial entity and debtor agree to discharge the indebtedness for less than full consideration. To establish consideration, there must be a performance or a return promised which has been bargained for by the parties. Restatement (Second) Contracts § 71(1) (1981). In this case, the Company (an applicable financial entity) and the debtors are agreeing to the entry of an injunction issued by the Court which will prevent the Company from collecting the Deficiency Balances from the debtors. The injunction is based on the Act

Therefore, the decision not to collect the deficiency balances is not triggered by an agreement between the Company and the debtors. The discharge is triggered by the Act. Thus, § 1.6050P-1(b)(2)(F) of the Income Tax Regulations does not apply.

The second possible event, § 1.6050P-1(b)(2)(G), holds that a discharge of indebtedness exists where a creditor discontinues collection activity pursuant to a decision by the creditor or a defined policy of the creditor. According to § 1.6050P-1(b)(2)(iii), a creditor's defined policy includes both a written policy and the creditor's established business practice. Neither a decision nor a policy triggers the

Document Display

Page 4 of 5

cancellation of indebtedness in this case. As stated above, the Act triggers the discontinuance of the Company's collection activity. Thus, § 1.6050P-1(b)(2)(G) of the Income Tax Regulations does not apply.

Based on the above analysis, the discharges by the Company are not subject to the reporting requirements of § 6050P of the Internal Revenue Code or the regulations thereunder.

### Requested Ruling 3

Section 6041(a) of the Internal Revenue Code provides that all persons engaged in a trade or business and making payment in the course of such trade or business to another person, of rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable gains, profits, and income of $600.00 or more in any taxable year, shall render a true and accurate return setting forth the amount of such gains, profits, and income, and the name and address of the recipient. Section 6041(a) does not apply to payments subject to reporting pursuant to § 6049(a) of the Code.

Section 1.6041(a)(1)(ii) of the Income Tax Regulations states that payments described in paragraphs (a)(1)(i)(A) and (B) of this section shall not include any payments of amounts with respect to which an information return is required by, or may be required under authority of § 6049(a)(1) and (2) (relating to interest).

According to § 6049(a), every person who makes payments of interest (as defined in subsection (b)) aggregating $10.00 or more to any other person during any calendar year, or who receives payments of interest (as so defined) as a nominee and who makes payments aggregating $10.00 or more during any calendar year to any other person to with respect to the interest so received shall make a return according to the forms or regulations prescribed by the Secretary, setting forth the aggregate amount of such payments and the name and address of the person to whom paid.

Section 6049(b)(1) defines interest as: (A) interest on any obligation issued in registered form, or of a type offered to the public, other than an obligation with a maturity (at issue) of not more than one year which is held by a corporation; (B) interest on deposits with persons carrying on the banking business; (C) amounts (whether or not designated as interest) paid by a mutual savings bank, savings and loan association, building and loan association, cooperative bank, homestead association, credit union, industrial loan association or bank, or similar organization, in respect of deposits, investment certificates, or withdrawable or repurchasable shares; (D) interest on amounts held by an insurance company under an agreement to pay interest thereon; (E) interest on deposits with brokers (as defined in section 6045(c)); (F) interest paid on amounts held by investment companies (as defined in section 3 of the Investment Company Act of 1940 (15 U.S.C. 80a-3)) and in amounts invested in other pooled funds or trusts; and (G) to the extent provided in regulations prescribed by the Secretary, any other interest (which is not described in section 6049(b)(2)).

Based upon the information provided, the interest paid in connection with the refund, is not an obligation issued in registered form or of a type offered to the public. In addition, the Company is not described in § 6049(b) of the Internal Revenue Code. Therefore, the Company is not subject to the reporting requirements of § 6049. As a result, the Company is subject to § 6041 of the Internal Revenue Code for interest paid to the debtors if the amount is $600.00 or more.

### Conclusion

Based solely on the information provided and the representations made, we conclude as follows:

(1) The Company is not required to file Forms 1099-C with respect to the cancellation of outstanding liabilities on certain financing contracts because the discharge was not the result of an "identifiable event" listed in § 1.6050P-1(b)(2) of the regulations, but rather was required by

http://checkpoint.riag.com/servlet/com.tta.checkpoint.servlet.CPJSPServlet?usid=33f027b... 1/29/2007

Document Display

operation of state law.

(2) The Company is not required to file Forms 1099-C with respect to any refunds of amounts it previously collected that would have been treated as discharged under operation of state law.

(3) Any interest accrued with respect to any refunds of amounts collected by the Company under § 1.6050P-1(b)(2) of the Income Tax Regulations is reportable on Forms 1099-INT, but only if the interest amount is $600.00 or more.

This ruling is based on the facts presented and the applicable law in effect on the date of this letter. If there is a change in material fact or law (local or federal) before the transactions considered in this ruling take effect, the ruling will have no force or effect.

Except as specifically ruled herein, no opinion is expressed as to the federal tax treatment of any issue addressed in this ruling under other provisions of the Internal Revenue Code and Regulations that may be applicable.

Pursuant to the power of attorney on file in this office, the original of this letter is being sent to you as the Bank's authorized representative.

This ruling is directed only to the taxpayer(s) requesting it. Section 6110(k)(3) of the Code provides that it may not be used or cited as precedent.

Sincerely,

Pamela W. Fuller

Senior Technician Reviewer, Branch 1

(Administrative Provisions and

Judicial Practice)

Enclosure (2)

Copy of this letter

Copy for section 6110 purposes

cc:

END OF DOCUMENT -
© Copyright 2007 RIA. All rights reserved.