IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL A. BRENNAN, ANTHONY COLINO, and COURTNEY BELLOMO, individually and on behalf of all others similarly situated, | ) CIVIL ACTION<br>) <br>) No. 13-CV-02939-MEM<br>) <br>) Judge Malachy E. Mannion<br>) |
| Plaintiffs, | ) <br>) Class Action |
| v. | ) |
| COMMUNITY BANK, N.A. | ) |
| Defendant | ) |

## DONALD LEHNERR'S OBJECTION TO SETTLEMENT [1] AND OBJECTORS' NOTICE OF INTENTION TO APPEAR

AND NOW COMES, Donald Lenherr, Objector of the Settlement, by and through his counsel, who objects for the reasons stated in the letters, attached as Exhibit 1, incorporated herein, and those set forth in the supporting brief, Doc. No. 100 and any supplement thereto, also incorporated herein. All Objectors, individually and/or by and through their counsel, intend to address the Court at the Fairness Hearing.

---

[1] As part of the Supplemental Notices, Donald Lenherr recently sent a Class Notice.

1

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.
/s/ *Richard Shenkan*
Richard Shenkan
Shenkan Injury Lawyers, LLC.
6550 Lakeshore St.
West Bloomfield, MI 48323
T: (248) 562-1320 / F: (888) 769-1774

Howard Rothenberg, Esq.
HOWARD ROTHENBERG AND ASSOCIATES
345 Wyoming Ave., Suite 210  Scranton, PA 18503
T: (570) 207-2889 / F: (570) 207-3991
*Counsel for Objectors*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading was sent to all counsel of record via ECF filing as all interested parties subscribe to the Court's ECF System.

SHENKAN INJURY LAWYERS, LLC.
/s/ *Richard Shenkan*
Richard Shenkan
*Attorney for Plaintiffs*

| | | |
|---|---|---|
| **Settlement Administrator** | **Class Lead Counsel** | **Defense Counsel** |
| A.B. Data, Ltd. | Cary L. Flitter | Jonathan B. Fellows |
| Community Bank, N.A. | FLITTER LORENZ, | BOND, SCHOENECK |
| Repo Settlement | P.C. | KING, PLLC |
| 600 A.B. Data Drive | 450 N. Narberth Avenue, | One Lincoln Center |
| Milwaukee, WI | Suite 101 | Syracuse, NY 13202 |
| | Narbeth, PA 19072 | |

January 8, 2016

Re: *Brennan v. Community Bank, N.A.*, Civil Action No. 13-CV-2939 (MEM).
    *Notice to Appear at Fairness Hearing and Objection to Settlement*

To Whom It May Concern,

    I am a member of the class in this case and, on or about September 12, 2015, I mailed in my objection to the settlement, a copy of which is attached and incorporated herein. One of the reasons that I objected was that I never received Notice of this settlement, even though I am liable to pay back the car loan that I took out as a co-borrower with my grandson. However, I recently received in the mail a notice addressed to me telling me about the Settlement. That Notice says that I have until January 23, 2016 to send in an objection.

    With the exception of my lack-of-notice objection, which has been cured, I stand by all of the objections that I stated in my earlier objection and incorporate them into this objection. However, I would like to state an additional objection.

    I am a New York resident and certain New York class members are treated less favorably than Pennsylvania class members. The Notice says that there are three different groups of class members. Group A is Pennsylvania residents, Group B is New York residents whose vehicles were repossessed after July 14, 2011 and Group C is New York residents whose vehicles were repossessed on or before July 14, 2011. I am in Group B, because my vehicle was repossessed in 2013. The Notice also says that members of Group A are to receive a cash payment totaling $815, while Members of Group B only get $661. I have been lead to understand that this difference has to do with the uncertainty as to whether the New York statute of limitations is 3 year or 6 years, while the Pennsylvania statute of limitations is definitely 6 years. However, all the claims in Group B— including my own—are less than 3 years old and, therefore there is no chance whatsoever that they are time-barred. Therefore, my claim is just as valuable as the claims of the Group A class members. I think that it is unfair that Group B members get only 81% of what Group A members receive, and for this reason, I also object to the settlement. However, my objection to the varying payments to the three "Groups" goes further.

    I understand that the Plaintiffs have relied upon *Banca Commerciale v. Northern Trust, Int'l*, 1997 WL 217591 (S.D.N.Y. Apr., 30, 1997), *aff'd*, 160 F.3d 90 (2d Cir. 1998) to support their argument that the New York statute of limitations is 6 years. I understand that this case does not

**EXHIBIT 1**

support the proposition of a 6-year statute of limitation, but supports that the statute of limitations period is only 3 years. In fact, I understand that a more recent case, *Hales v. HSBC Bank U.S.A., N.A.*, 347 Fed. Appx. 698 (2d Cir. Oct. 1, 2009), also holds that the limitations period is three years and is a UCC Article 9 case, like the present case.

There are several consequences of this conclusion. First, because all three representative plaintiffs are in Group C, none of them have standing to represent Group B. Second, because they lack standing, they are not entitled to be paid the $5,000 per person Service Award presently provided by the Settlement. Third, the entire premise of the allocation of the cash payments among the three "Groups," that the New York statute of limitations is uncertain, is simply wrong. It appears that the limitations period is clearly three years.

This means that the claims of Group C class members are definitely time-barred, and that, under the Settlement cash is (though should not be) allocated to Group C. Thus, not only does Group B get a lower payout than Group A, but Group C, whose claims are time-barred, is receiving cash that could and should have gone to equalize the payments to Groups A and B.

I have no objection to Group C receiving the non-monetary relief provided by the Settlement, such as the credit repair and cancelation of deficiency balances, but it is not fair to other members of Group B, like myself, that part of what they should be receiving is being paid to the time-barred claims in Group C. I object to the improper allocation of the monies to groups.

In sum, while I object to the overall sufficiency of the Settlement and other objections set forth in the accompanying objection which I served earlier (and, perhaps, prematurely), I also object to the improper misallocation of the monies to those members in Group B, who are being unfairly penalized vis-à-vis Group C.

I would like my counsel, Attorney John McGovern, Attorney Elizabeth Maresca, David Stivers, all other objectors, and myself to have an opportunity to address the Court at the upcoming fairness hearing.

*Donald H. Lenherr*
Donald Lenherr

2

| Settlement Administrator | Class Lead Counsel | Defense Counsel |
|---|---|---|
| A.B. Data, Ltd. | Cary L. Flitter | Jonathan B. Fellows |
| Community Bank, N.A. | FLITTER LORENZ, | BOND, SCHOENECK |
| Repo Settlement | P.C. | KING, PLLC |
| 600 A.B. Data Drive | 450 N. Narberth Avenue, | One Lincoln Center |
| Milwaukee, WI | Suite 101 | Syracuse, NY 13202 |
|  | Narberth, PA 19072 |  |

Re: *Brennan v. Community Bank, N.A.*, Civil Action No. 13-CV-2939 (MEM).

To Whom It May Concern,

My grandson, Jacob Laird, and I are co-borrower on car loan from Community Bank. I am writing to say that, for the reasons mentioned below and others which are presented by my counsel in the Objection to the settlement which is incorporated into this letter, I object to the settlement in *Brennan v. Community Bank, N.A.*, Civil Action No. 13-CV-2939 (MEM). Some of the reasons why I object are listed below.

I object to the settlement because Community Bank will issue a 1099-C form that informs the IRS that some class members will have their disputed deficiency cancelled. The IRS will then claim that the class member, like myself, must pay income tax on the amount of the deficiency that was cancelled. According to my attorneys, Community Bank does not have to issue a 1099-C. I object to the settlement, in part, because it calls for the Bank to needlessly issue these forms resulting in an unnecessary tax liability for me. Alternatively, I will need to hire a tax professional to challenge the 1099-C which will likely result in very significant time and money.

Because of my limited fixed income of only $1,100 per month, it will be difficult for me to hire a tax professional to deal with the income tax problems created by this settlement. It would be extremely helpful if the settlement provided for resources—such as a hotline or a free tax clinic—to be made available to assist class members with these problems if the Court requires the issuance of the 1099-C forms.

In 2013, Community Bank repossessed a vehicle that I had purchased with my grandson. After it resold the vehicle, it claimed that we owed a significant deficiency balance. Even though my entire monthly income is about $1,100 in social security benefits, I started paying $275 per month towards that deficiency. I have paid a total of $4,125.00 towards that deficiency. It now appears that the deficiency balance that I paid towards the disputed deficiency was not even valid. The settlement makes no provision for the return of any portion of my $4,125, or of the payments made by other class members towards their deficiency balances. I believe that I paid $4,125 towards a debt I really do not think I owe and will receive only my 50% share of $815 under the settlement, while other class members will receive $815 after having paid nothing after the repossession.

This is simply not fair, particularly because Community Bank collected approximately 80% of my payments and after it already knew that some or all of the class members' deficiency balances

would likely be cancelled as part of this settlement. It seems to me that Community Bank collected as much as it could from class members before it agreed to cancel their remaining deficiencies.

I also object because New York class members are treated less favorably than Pennsylvania class members, like myself. The Notice says that there are three different groups of class members. Group A is Pennsylvania residents, Group B is New York residents whose vehicles were repossessed after July 14, 2011 and Group C is New York residents whose vehicles were repossessed on or before July 14, 2011. While I am a Pennsylvania resident, I believe that, at a minimum, the Bank should pay more money to ensure that the New York residents who have a valid claim like mine are paid the same amount as the Pennsylvania residents.

I also object to the settlement because I never received a class notice of the proposed settlement. I am a co-borrower, along with my grandson, on the Community Bank loan. My grandson, Jacob Laird, received the class notice in the mail, but I did not. I do not understand how someone who is liable to repay a loan or to make decisions which affect their legal rights can be denied notice of what is going on with the loan and the settlement. I believe that all co-borrowers like myself should have been sent a notice to their last known address of the settlement so that they can make informed decisions which affect their legal rights. I would have not even learned of this settlement or the fact that a Class Notice was sent to my grandson if my attorneys had not made me aware of these happenings. I have lived in my house for many years and have sent to and received from the bank my payment book to log my payments so the Bank knows my mailing address. All co-borrowers should have been sent a class notice.

I also object because the settlement does not appear to fully consider the claims which have been advanced in the similar case, *Urban v. Community Bank*, 3:14CV01039 (Pa. Middle District) or the procedural status of that claim.

I also object to the settlement because it appears to provide no way for my attorneys to be paid for the contributions which they have provided towards this proposed settlement.

For all of the reasons stated above and for the reasons stated in my counsel's brief, I object to the proposed settlement of this class action.

I affirm that the foregoing is true and correct to the best of my knowledge, information, and belief.

*Donald H. Lenhart*
Donald Lenhart

Sworn and subscribed this 11 day of September 2015.

Notary Public Seal
Notary's signature

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOHN WEIBLE, NOTARY PUBLIC
CITY OF DUBOIS, CLEARFIELD COUNTY
MY COMMISSION EXPIRES SEPT. 3, 2018

2