IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
------------------------------------------x
CAROL A. BRENNAN, ANTHONY          :
COLINO and COURTNEY                :           CIVIL ACTION
BELLOMO, individually and on       :
behalf of all others similarly situated,  :        NO: 13-CV-02939
                                   :
                       Plaintiffs, :           Judge Mannion
vs.                                :
                                   :
COMMUNITY BANK, N.A.               :
                                   :
                       Defendant. :
------------------------------------------x
```

BRIEF IN SUPPORT OF
MOTION TO STRIKE DOCUMENT 130

Plaintiffs, by counsel, file this brief in support of their motion to strike Document 130, Objectors' "Response in Opposition to Motion for Final Approval of Class Settlement" ("Opposition") (Doc. 130). [1]  Document 130 is not a proper filing under the Federal Rules of Civil Procedure. The briefing schedule has been set in this case for over six (6) months and does not provide for a last minute, over-length brief by Objectors' counsel.  On July 15, 2015, the Court entered an amended

---

[1]      Plaintiff's counsel began preparing this motion to strike based on a version of Objectors' Document 130 that was filed on 2/22/16. Late in the afternoon, on 2/23/16, it seems that Objectors somehow replaced their 2/22/16 version of Document 130 with a superseding 2/23/16 version. Citations to Document 130 herein will, where needed, indicate whether they refer to the 2/22/16 version or the 2/23/16 version.

order of preliminary approval (Doc. 99) and then issued an order, on Dec 4, 2015, permitting limited supplemental notice to the class (Doc. 119). The Notice afforded class members forty (40) days to object, and, provided that "any objection(s) and supporting papers already timely filed of record need not be re-filed" (Doc. 119 - Dec 4, 2015 Order ¶¶ 4, 8). Objectors filed a brief in support of their objections (which included a request for counsel fees) on Sept 12, 2015 (Doc. 100). There is no provision in this Court's scheduling orders, nor in the Federal Rules of Civil Procedure, nor in the Middle District of Pennsylvania Local Rules ("M.D. Pa. LR") that permits Objectors to file an additional objection or brief of the sort that Objectors have filed as Document 130-- much less file two conflicting versions of it-- at this late hour. [2]

Objectors' rule violations are not superfluous technicalities. The intent of the rules at issue is to ensure fundamental fairness and due process to the parties and members of the class, as well as to provide for the conservation of judicial resources and the fair administration of justice. The Court and the parties should not have to bear the burdens imposed upon them by Objectors' disregard of proper procedure. In short, the parties are prejudiced. The Opposition raises new authorities in its

---

[2]     No rule authorizes Objectors to serve a 33-page brief, two (2) days before a final approval hearing, with no M.D. Pa. LR 7.8(b) certificate, no tables of contents and citations, and no attempt at compliance with the related requirements of M.D. Pa LR 7.8.

merits arguments. Instead of following the fee motion requirements of Fed. R. Civ. P. 23, Objectors are seeking fees within the pages of their impermissibly filed Opposition, which, oddly, also asks the Court *not* to approve the class settlement from which they seek fees. Objectors have cited no authority or precedent for this peculiar yoking of requests.

The Opposition presents a new argument to try to justify Objectors' fee request: to wit, that there was an earlier agreement regarding fees, at the time of the mediation.[3]  However, after the fact, Objectors and their counsel rejected that agreement, filing serial rounds of objections and "notices of non-joinder" regarding the settlement.  The Opposition's cryptic reference to this previously reached but reneged arrangement does not constitute a motion articulating a proper basis for an award of fees and costs. As a matter of procedure and substance, Objectors have failed to overcome "the presumption that they are not entitled to attorneys' fees." *Spark v MBNA Corp,* 289 F. Supp.2d 510, 513 (D.Del. 2003), *quoted in, McDonough v Toys "R" Us, Inc.*, 80 F.Supp.3d 626, 659 and n.35 (E.D. Pa. 2015).

---

[3]    At the time of the earlier agreement, Urban and her counsel were not objectors.  There was an agreement whereby Urban and her counsel would join in and support the settlement reached, and presumably share in the work needed to advance the settlement, rather than erect serial obstacles.  Of course, the legal test applied in this circuit to legal fees awardable—if at all—to objector counsel is very different from the test applied to approval of common fund attorney fees to class counsel. *See, infra.*

PROCEDURAL AND FACTUAL HISTORY

On July 15, 2015, this Court's Amended Preliminary Approval Order directed the mailing of notice to class members (Doc. 99). Objections were due 40 days after notice (Doc. 99-15). Notice to class members occurred August 4, 2015. Objectors filed objections on September 12, 2015 (Doc. 100). On December 4, 2015, the Court set the final approval hearing for February 25, 2016 (Doc. 119). With Court approval (Doc. 119), supplemental notice issued to 652 co-obligor class members on December 14, 2015. Objectors filed additional objections on January 12, 2016, essentially incorporating the earlier Objections filed at Doc 100. (Doc. 119, 120). On February 11, 2016, Plaintiffs timely filed motions for final settlement approval and approval of fees and costs, along with a supporting brief (Doc 125, 126) and a separate memorandum on the objections (Doc. 128). The Defendant filed a brief, on February 11, 2016, about settlement approval and the objections (Doc. 127). At no time have Objectors filed a motion for an award of fees and costs pursuant to the requirements of Fed. R. Civ. P. 23 and M.D. Pa. LR 7.1, 7.3, 7.5 and 7.8. Objectors admit that, "at this time," they "do not intend" to file a "formal fee petition." (2/22/16 Doc. 130-30).

QUESTION INVOLVED

Whether the Court should strike the Opposition, Document 130.

ARGUMENT

I.   The parties are unduly prejudiced by the procedural
     violations Objectors have committed by filing the Opposition.

Objectors have not sought leave of court to re-file (and expand upon) their

previously filed objections and briefs. The parties have already briefed the

substantive issues in the Opposition's first three (3) sections (*See*, 2/23/16 Doc. 130).

In the Opposition's fourth section, Objectors reiterate that the Court should not

approve settlement, but now, for the first time, assert their entitlement to 20% of any

attorneys' fees awarded to class counsel. (2/22/16 Doc. 130-29, 130-30; 2/23/16

Doc. 130-31, 130-32). [4]   In class actions, applications for attorneys' fees "must be

made by motion." Fed. R. Civ. P. 23(h)(1). [5]   Objectors have failed to file and serve

---

[4]      Instead of filing a timely fee petition, *Objectors seek additional delay,* by
asking the Court to escrow 100% of all fees awarded "for a subsequent adjudication
relating to attorney fees" (Doc. 130-30). Objectors do not identify the manner in
which any "subsequent" attorneys' fee "adjudication" would proceed. February 25,
2016– *tomorrow*– is the date for the final hearing on all matters related to class
certification, the class settlement and counsel fees. This date has been set for months.
Objectors' belated filing places unwarranted pressure on this Court's resources and
prejudices the parties.

[5]      Rule 23(h)(1) governs fee applications by an objector's counsel. The Rule
requires fee motions "by class counsel" to be "directed to class members in a
reasonable manner" and "served on all parties." Fed. R. Civ. P. 23(h)(1). For fee
motions by lawyers *other than class counsel*, like Objectors' counsel, the Rule does
*not* require that the motion be direct to class members but only that "notice of the
motion must be served on all parties." Fed. R. Civ. P. 23(h)(1).

a fee motion, and, the Opposition violates the procedural and substantive requirements of Rule 23 and the Local Rules for pursuing fees and costs. [6]

II.    The Opposition should be stricken as a substantively insufficient and procedurally defective attempt to, belatedly, effect a *de facto* motion <u>for an award of fees and costs.</u>

District Courts in the Third Circuit recognize that "objectors do not commonly receive fee awards." *McDonough v. Toys "R" Us, Inc.*, 80 F. Supp. 3d 626, 663 (E.D. Pa. 2015)(Brody, J.). An "objector to a class action settlement is not generally entitled to an award of counsel fees…." <u>*In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 273 F. Supp. 2d 563, 565 (D.N.J.)</u>, <u>*aff'd sub nom. In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 103 F. App'x 695 (3d Cir. 2004)</u> (internal quotation marks and citation omitted); *accord*, *McDonough* at 658. It is an "unusual case in which such fees [for an objector's counsel] are appropriate." *Id.* at 659. An objector seeking fees bears the burden of proving that he or she has materially benefitted the class. *Id; In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 273 F. Supp. 2d at 565 (Objectors play "a different role . . . from that of Class Counsel. The Court, therefore, will not treat their petition for fees as if they were class counsel, and Objectors will not be awarded fees for all of their work conducted in the course

---

[6]    Under Federal Rule of Civil Procedure 23(h), any "party from whom payment is sought, may object to the motion." Fed. R. Civ. P. 23(h)(2). Local Rule 7.6 affords a party fourteen (14) days after service of a movant's brief to file an opposing brief. M.D. Pa. LR 7.6. The final approval hearing (tomorrow) is less than 14 days away.

of this matter. Instead, the Court will follow precedent and award fees which reflect the value the Objectors conferred upon the class."); *McDonough,* 80 F. Supp. 3d at 663-664 ("District courts in this Circuit have rejected fee award applications where the benefit of counsel's input was not apparent or was patently lacking…."). The "propriety of a fee award for [an objector] is analyzed through the *Gunter/Prudential* factors." *McDonough*, 80 F. Supp. 3d at 660. [7]   Objectors have not submitted evidence or argument addressing the *Gunter/Prudential* factors. Objectors suggest that a percentage-of-recovery method is appropriate to use in analyzing their fee request but they have submitted no evidence of value, no declarations, summaries of time spent, or any other items that the Court needs to perform a lodestar cross check.

---

[7]     The *Gunter/Prudential* factors are:

> (1) the size of the fund created and the number of beneficiaries, (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel, (3) the skill and efficiency of the attorneys involved, (4) the complexity and duration of the litigation, (5) the risk of nonpayment, (6) the amount of time devoted to the case by plaintiffs' counsel, (7) the awards in similar cases, (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and (10) any innovative terms of settlement.

*In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 541 (3d Cir. 2009) (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 (3d Cir. 2000); *In re Prudential*, 148 F.3d 283 at 336-40)(3d Cir. 1998).

Objectors seek costs but, to date, they have not identified, itemized or quantified *any* of the costs for which they seek reimbursement. The information submitted by Objectors is insufficient to determine whether their request for fees and costs is reasonable in relation to any arguable benefit they conferred upon the class. The Objectors' newly pressed claim for 20% of the attorneys' fees and an unspecified amount for costs (inserted within the 33-page Opposition) is procedurally defective and substantively insufficient.

III.   To mitigate the prospect of additional delay, the Court
should strike Objectors' impermissibly filed Opposition.

During the September 2014 mediation of this case, Objectors' counsel agreed to accept, as compensation for acting as co-counsel for the class, 20% of any fee awarded to class counsel. Thereafter, Objectors' counsel *twice* rejected the settlement and the opportunity to act as co-counsel. Objector Urban twice refused to join the *Brennan* settlement. Urban and her related objectors "believe that the Settlement in this case should not be approved" (2/22/16 Doc. 130-29). On some occasions in this case, Objectors seem to have disregarded applicable procedural rules. Arguably, some of the Objectors' legal positions, objections and other filings have complicated this action. These factors increased the duration and expense of this case. To mitigate the prospect of additional delay-- and to permit the hearing to proceed in the orderly fashion previously ordered-- the Court should strike Objectors' impermissibly filed Opposition, Document 130.

CONCLUSION

The Court should strike Document 130 from the record of this case.

Respectfully submitted:

Dated: February 24, 2016        /s/    Timothy P. Polishan, Esquire
                                        (Pa. Id. No. 76247)
                                        Eugene C. Kelley, Esquire
                                        Kelley, Polishan & Solfanelli, LLC
                                        259 South Keyser Avenue
                                        Old Forge, PA 18518
                                        Telephone: (570) 562-4520 ext. 102
                                        Fax: (570) 562-4531
                                        Email: tpolishan@kpwslaw.com

                                        Cary L. Flitter, Esquire
                                        Theodore E. Lorenz, Esquire
                                        Andrew M. Milz, Esquire
                                        FLITTER LORENZ, P.C.
                                        450 N. Narberth Avenue, Suite 101
                                        Narberth, PA 19702
                                        (610) 822-0782

                                        M. Scott Barrett
                                        Barrett Wylie, LLC
                                        (Admitted Pro Hac Vice)
                                        Showers Plaza – P.O. Box 5233
                                        320 West 8th Street – Suite 100
                                        Bloomington, IN 47407-5233
                                        (812) 334-2600

                                        Attorneys for Plaintiffs and the Class

<u>CERTIFICATE OF SERVICE</u>

I certify that on the date indicated below I caused a true and correct copy of

this brief to be served upon the following individuals by the following means:

<u>By M.D.Pa. ECF service only</u>:

Jonathan B. Fellows, Esquire
Suzanne O. Galbato, Esquire
BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, NY 13202
(Counsel for Defendant)

Jane T. Smedley, Esquire
Joseph E. Kluger, Esquire
HOURIGAN, KLUGER & QUINN, P.C.
600 Third Avenue
Kingston, PA 18704
(Counsel for Defendant)

Richard Shenkan, Esquire
SHENKAN INJURY LAWYERS
6550 Lakeshore Drive
West Bloomfield, MI 48323
(Counsel for Objectors)

Howard A. Rothenberg, Esquire
345 Wyoming Avenue, Suite 210
Scranton, PA 18503
(Counsel for Objectors)

Dated: February 24, 2016        /s/     Timothy P. Polishan, Esquire
                                        (Pa. Id. No. 76247)