# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROL A. BRENNAN, ANTHONY COLINO, and COURTNEY BELLAMO,** *individually and on behalf of all others similarly situated*, | : <br> : <br> : <br> :    **CIVIL ACTION NO. 3:13-2939** |
| **Plaintiffs** | :    **(JUDGE MANNION)** |
| v. | : |
| **COMMUNITY BANK, N.A.,** | : |
| **Defendants** | : |

## MEMORANDUM

Pending before the court is a Motion to Intervene submitted on behalf of Nicole Urban, Eleanor Sickler, Jacob Laird, and Donald Lenherr ("Intervenors") pursuant to Fed.R.Civ.P. 24. (Doc. 101). For the reasons that follow, the court will **DENY** the motion.

## I. Relevant Background

The instant action relates to alleged deficiencies in notices that the defendant, Community Bank, provided to borrowers whose vehicles were repossessed after default. (Doc. 110, p. 1); (Doc. 107, p. 2). Carol A. Brennan commenced a class action on October 30, 2013 in the Lackawanna County Court of Common Pleas, (Doc. 1), and the case was subsequently removed to this court on December 6, 2013 pursuant to the Class Action Fairness Act. *Id.* Nicole Urban, one of the proposed Intervenors (hereinafter "Intervenors")

in this case, commenced a separate but related class action lawsuit in this same court, on May 29, 2014. Both cases are related, and the parties to both cases have participated in several status conferences to attempt to resolve both cases or find ways to reconcile the interests of class members in both cases.

Ultimately, on January 5, 2015, the plaintiffs in this case filed a Motion for Preliminary Approval of Class Settlement. (Doc. 72). After a status conference with the court and several conference calls between counsel for the parties and Mr. Shenkan (counsel for Ms. Urban and the Intervenors), the plaintiffs withdrew their Motion for Preliminary Approval of Class Settlement. (Doc. 86). Withdrawal was based upon concerns about whether class members should be required to opt in to receive the deficiency waiver benefit included in the settlement and the tax implications associated with such deficiency waiver. The plaintiffs then filed a Renewed Motion for Preliminary Approval of Amended Class Action Settlement on March 25, 2015. (Doc. 87).

Prior to both the court's preliminary approval of the Settlement and notice distributed to class members, Ms. Urban along with the other Intervenors in the current action, filed an Objection to the Plaintiff's Renewed Motion to Approve the Settlement. (Doc. 90). Both the plaintiffs and the defendant filed a motion to strike the Objection, which the court granted on July 6, 2015. (Doc. 97). In the same order, the court granted the plaintiffs' Renewed Motion for Preliminary Approval of Amended Class Action

Settlement, (Doc. 97), which it subsequently amended on July 15, 2015 and provided specific dates, details, and directed that the class be issued notice of the settlement. (Doc. 99). The court set a deadline for class members to submit election forms and /or objections to the settlement as September 13, 2015. *Id.* Ms. Urban filed timely objections to the settlement on September 12, 2015 on behalf of herself and Eleanor Sickler, Jacob Laird, and Donald Lenherr, class members in both the *Urban* and *Brennan* cases. (Doc. 100). Ms. Urban also filed the instant motion to intervene, entitled "Second Motion to Intervene,"[1] on behalf of herself, Eleanor Sickler, Jacob Laird, and Donald Lenherr ("Intervenors") on September 12, 2015, and she filed a brief in support on September 14, 2015. (Doc. 107). The defendants filed a Brief in Opposition on September 28, 2015, (Doc. 110), and the plaintiffs filed a Brief in Opposition on September 29, 2015. (Doc. 111). Ms. Urban filed a Reply Brief on October 12, 2015. (Doc. 114).

On September 24, 2015, the plaintiffs filed an unopposed Motion for Limited Supplemental Notice to the Class so that an additional 652 class members, co-borrowers on the loans in question, could be afforded notice of

---

[1] Ms. Urban incorrectly characterized her motion to intervene as the "second" motion to intervene. The record demonstrates that this is the first time she has sought intervention in the current action. As the plaintiffs accurately point out, Ms. Urban did move to consolidate and intervene in the Urban action. *Urban v. Cmty. Bank*, 3:14-cv-1039; *see* Doc. 111, p. 5 n.2. That motion, however, has no bearing on Ms. Urban's ability to intervene in this case.

their status as class members in this action and be provided an opportunity to opt out or object to the settlement, (Doc. 108), which the court granted on December 4, 2015. (Doc. 119). In the same order, the court rescheduled the Final Approval hearing for February 25, 2015.

## II.  Discussion

The Intervenors claim that they are entitled to intervention in the instant action as a matter of right or, in the alternative, permissive intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure. Specifically, they seek intervention because they believe the plaintiffs are entering into "an unfavorable settlement" and that intervention would allow them "to better protect their interests," (Doc. 101, ¶¶ 6-7), by allowing them to engage in discovery and file motions with this court. (Doc. 107, p. 6).

### A.  Intervention As of Right

Fed.R.Civ.P. 24(a)(2) provides, "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2).

In the absence of a federal statute which confers a right to intervene, and there is no such statute in this case, Rule 24 authorizes a party to

intervene as of right if the movant can establish: (1) a timely application for leave to intervene has been filed; (2) a sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests. Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005) (citation omitted). The movant's failure to establish any factor is fatal. *Id.* "In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation. Therefore, when absent class members seek intervention as a matter of right, the gravamen of a court's analysis must be on the timeliness of the motion to intervene and on the adequacy of representation." In re Cmty. Bank of N. Virginia, 418 F.3d 277, 314 (3d Cir. 2005).

    The Intervenors first argue that their Motion to Intervene is timely because they filed it prior to the end of the opt-out period. (Doc. 107, p. 8). To support this conclusion, the Intervenors cite to *In Re Community Bank of Northern Virginia*, 418 F.3d 277 (3d Cir. 2005) for the proposition that "[t]he time frame in which a class member may file a motion to intervene challenging the adequacy of class representation must be at least as long as the time in which s/he may opt-out of the class." *Id.* at 314. The Intervenors cite only to this language and request that this court conclude that they filed a timely motion to intervene because they filed their motion prior to the September 13,

5

2015 opt-out deadline. (Doc. 107, p. 8). However, the Intervenors fail to properly analyze the entirety of the holding in *In Re Community Bank of Northern Virginia* with respect to timeliness. In *In Re Community Bank of Northern Virginia*, the Third Circuit clearly states that timeliness of a motion to intervene "is determined by the *totality of the circumstances*" which requires analysis of the following three factors: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *In re Cmty. Bank of N. Virginia*, 418 F.3d at 314. While the Third Circuit stated that a motion to intervene filed within the opt-out period creates a presumption of timeliness, it did so within the context of a totality of the circumstances analysis. The Court never concluded that this presumption alone may establish timeliness, nor did it conclude that the presumption may not be rebutted when taking into account the totality of circumstances. In fact, according to the Third Circuit, an essential aspect of the timeliness analysis is when the intervenor became aware of the action. Specifically, when analyzing timeliness in this context, "[t]he delay should be measured from the time the proposed intervenor knows or should have known of the alleged risks to his or her rights or the purported representative's shortcomings." Benjamin v. Dep't of Pub. Welfare of Pa., 701 F.3d 938 (3d Cir. Pa. 2012). This suggests and we so conclude that while a motion for intervention filed prior to the opt-out deadline may be presumptively timely, other factors may rebut and overcome such presumption if such factors demonstrate prejudicial delay, as indicated by the

6

Third Circuit. The Intervenors' strict interpretation of the Third Circuit text in *In Re Community Bank of Northern Virginia* fails to take into account the totality of circumstances analysis and further fails to address the factual distinctions between *In Re Community Bank of Northern Virginia* and the case at bar.

The defendant argues that this motion is not timely because Ms. Urban, one of the Intervenors, clearly knew about this action and the proposed settlement "long before [she] received class notice," as evidenced by her decision to file separate, similar action against the Defendant in this court on May 29, 2014. (Doc. 110, pp. 3, 7). As for the other Intervenors, the defendant asserts that they became aware of this action and the risks to their rights as early as June 2015 when they filed premature objections, (Doc. 90 (stricken)), to the proposed settlement agreement. (Doc. 110, p. 8). The defendant also points out the Intervenors' failure to provide any justification for such a delayed filing. *Id.* The defendant concludes that the extensive length of time that the Intervenors have been aware of this action, their failure to justify the delay, and the fact that the settlement has been fully negotiated, preliminarily approved by this court, and set for the final approval hearing, weigh in favor of a finding that the motion is untimely.

The plaintiffs are in agreement with the defendant's timeliness argument. In the plaintiffs' brief in opposition, they further provide support by citing excerpts from documents filed in Ms. Urban's separate case on July 30, 2015, which explicitly recognize that the instant action creates a risk to her rights.

(Doc. 111, p. 10).

Taking into account the totality of the circumstances, the court finds that the facts demonstrate that the Intervenors were aware of this action and had the ability to file a motion for intervention for over a year before they eventually filed the motion. Specifically, the Intervenors seek intervention during the final stages of a lengthy class action litigation, after preliminary approval of settlement, and just prior to the final approval hearing.[2] In addition, the Intervenors, in their reply brief, (Doc. 114, p. 8), aptly note that delay alone does not indicate prejudice, Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir. 1995), and the plaintiffs and defendants have failed to demonstrate precisley how the delay in this case would potentially prejudice any of the class members or parties. The court is unwilling to find that this second factor, then, weighs in favor of a finding of untimeliness.

Finally, the Intervenors provide this court with no justification for their delay in filing this motion in their brief in support; however, in their reply brief, the Intervenors argue that their reason for not filing this motion earlier arises

---

[2] The court notes that the motion to intervene was filed on September 12, 2015, (Doc. 101), and the original Final Approval Hearing was set for October 14, 2015. (Doc. 99). While the Final Approval Hearing was cancelled and rescheduled for February 25, 2016, this new change does not negate the fact that the Intervenors filed their motion only *one month* before the Final Approval Hearing was scheduled to occur. This is effectively on the eve of the Final Approval Hearing.

from the consequences they faced when they prematurely filed objections to the settlement. (Doc. 114, p. 10). The Intervenors allege that their objections filed as "Objection to Plaintiff's Renewed Motion for Preliminary Approval of Class Settlement," (Doc. 90 (stricken)), were stricken from the record as being premature because they were filed prior to the class notice being issued, which included material terms of the settlement. *Id.* The Intervenors then state that they feared their motion to intervene would also be premature, and therefore, they decided not to file it earlier. *Id.* Objections to a settlement and a motion to intervene are *distinct* legal filings. The timing and purpose of these filings are also distinct. Therefore, the court finds the Intervenors' fear that their motion to intervene would be "similarly assailed" to be unpersuasive, and further finds that they provide no adequate justification for the delay.

Ultimately, while the Intervenors filed the motion to intervene prior to the opt-out deadline, this presumption is rebutted by the facts that establish the Intervenors' early awareness of the action and unjustified delay in moving to intervene. The court, therefore, concludes that the totality of the circumstances support a finding that the Intervenors' motion to intervene is untimely.

Turning to the final factor of the Rule 24 analysis, the Intervenors must demonstrate that their interest is not adequately represented. In class action lawsuits, where a party seeking intervention is a class member and has the same objective as parties to the suit, there is a presumption of adequate representation. In re Cmty. Bank of N. Virginia, 418 F.3d 277, 315 (3d Cir.

2005). Here, the court finds that, as a class action, the presumption of adequate representation applies. "To overcome the presumption of adequate representation, the proposed intervenor must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit." *Id.*

The Intervenors argue that their interests are not being adequately represented by existing parties. Specifically, they state that "it is [the plaintiffs'] having entered into the present settlement agreement that constitutes a failure to adequately protect Objectors' interests, as well as the interests of the entire class." (Doc. 107, p. 8). The Intervenors then point to "deficiencies in the settlement that represent such failure." *Id.* These "deficiencies" are merely aspects of the settlement with which the Intervenors disagree and are dissatisfied; they mirror many of the objections that the Intervenors included in their Objections to Approval of Class Settlement. (Doc. 100). Several of these aspects of the settlement with which the Intervenors are dissatisfied are noted to support a finding of inadequate representation. The first issue focuses on the provisions in the settlement stating that the defendant will issue 1099-C tax forms to all class members whose deficiency balance it waives. (Doc. 107, p. 9). This is simply an objection to the settlement as it pertains to all class members. While the Intervenors argue that issuing 1099-C tax forms to class members amounts to nonfeasance because binding authority requires a different result, this argument fails because the "binding" authority is arguable and this very issue has been vigorously briefed by both sides, indicating that

10

the law is not clearcut and that the settlement may, in fact, reflect a correct interpretation of tax law and that of the Third Circuit. The Intervenors fail to demonstrate how this issue evidences adversity of interest, collusion, or nonfeasance on the part of the plaintiffs or their attorneys.

The Intervenors next claim that certain legal claims are not included in the settlement, and the Intervenors believe the absence of these claims reduces the potential benefit of the settlement and causes injury to the class members. *Id.* at pp. 10-12. Again, this is yet another attempt by the Intervenors to object to and demonstrate dissatisfaction with terms of the settlement.

In addition, the Intervenors allege that there is a conflict of interest between the sub-class comprising holders of New York claims that are less than three years old and Pennsylvania claims. (Doc. 107, p. 13). The Intervenors claim that New York "recent "and Pennsylvania claims have the same level of litigation risk and therefore deserve to receive the same amount of monetary compensation under the settlement. The Intervenors claim that this constitutes adversity of interest because the fees allocated amongst class members will be drawn from a fixed settlement amount and "every settlement dollar directed to the Pennsylvania class is a dollar that cannot be directed to the New York 'recent claim' class." (Doc. 114, p. 14). The Third Circuit has expressly held that this type of allocation issue is not sufficient to support a finding of adverse interest. In re Pet Food Products Liab. Litig., 629 F.3d 333, 349 (3d Cir. 2010) ("It is not enough for objectors to point to differences in

11

claims, *allocation amounts*, or state laws without identifying how such differences demonstrate a conflict of interest."). The Intervenors therefore fail to provide evidence that the difference in monetary allocation is a result of adversity of interest, collusion, or nonfeasance by the plaintiffs or their attorneys.

The Intervenors also state that the preliminary settlement did not provide notice to class members that are co-obligors, and therefore, these members–one of which is an Intervenor–are prejudiced because they will be bound by the settlement without their knowledge. *Id.* at pp. 14-15. However, the court notes that Supplemental Notice was sent out to co-borrowers, and as a result all co-obligors have received notice of the settlement. *See* Doc. 120 p. 1 n.1. This point is now moot. Finally, the Intervenors state that the settlement is unsatisfactory because it fails to provide class members with information to "deal with the complex tax issues created by the settlement." (Doc. 107, p. 15). Again, there is no argument that the plaintiffs or their counsel committed any error in representing the class members. It is clearly simply an objection to the settlement.

In sum, each of the deficiencies noted by the Intervenors is simply an objection to a provision or element of the settlement agreement. The Third Circuit has clearly stated that dissatisfaction with a settlement cannot provide the basis for granting intervention as of right:

To be clear, we are in no way suggesting that absent class

12

members who merely express dissatisfaction with specific aspects of the proposed settlement or that attorneys (who, after finding one or more class members as clients, and wish to share in the forthcoming fee), have the right to intervene. The goals of Rule 23 would be seriously hampered if that were permitted. *See* Am. Pipe and Constr. Co. v. Utah, 414 U.S. 538, 551, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

In re Cmty. Bank of N. Virginia, 418 F.3d 277, 315 (3d Cir. 2005). Consequently, the court finds that the Intervenors are adequately represented, and the fourth requirement for intervention as of right fails. The Intervenors are not entitled to intervention pursuant to Rule 24(a).

The court would also like to note that the Intervenors, as class members, are not deprived of their ability to protect their interests in light of this finding. Any substantive challenges raised by the intervenors can be addressed, if they so choose, as objections to the settlement. PA Prison Soc. v. Cortes, 622 F.3d 215, 232 (3d Cir. 2010). "[N]onnamed class members . . . who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening." Devlin v. Scardelletti, 536 U.S. 1, 14 (2002). Alternatively, the proposed intervenors are free to opt out of the class settlement and continue and/or proceed with arbitration. Here, the Intervenors have filed timely objections to the settlement, and therefore, have the opportunity to challenge the settlement through such objections at the Final Approval Hearing. The Intervenors also have the ability to bring an appeal, should the court approve the settlement. Finally, Ms. Urban and her fellow Intervenors had the option to opt out of the settlement and pursue their claims in the *Urban* case.

### B.   Permissive Intervention

As to the proposed intervenors' motion for permissive intervention, pursuant to Fed.R.Civ.P. 24(b), a person or an entity, who is not a named party in an action, may seek to intervene in the interested litigation. See PA Prison Soc. v. Cortes, 622 F.3d 215, 232 (3d Cir. 2010). Rule 24(b) provides:

> [U]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b). Thus, for permissive intervention, a proposed intervenor must show that: (1) its motion is timely; (2) it has questions of law or fact in common with the pending action; and (3) intervention will not cause undue delay or prejudice for the original parties. If a third party can satisfy all of these requirements, the court may, in its discretion, grant that third party permissive intervention. Even where the requirements of Rule 24(b) are met however, unlike under Rule 24(a), the court is given the ultimate discretion as to whether to allow permissive intervention. The exercise of such discretion is highly fact-specific.

As discussed previously, this court finds that the Intervenors' motion is untimely, and therefore, it fails to satisfy the first requirement for permissive intervention. In addition, this court has already found that class members

satisfy the commonality requirement under Rule 23(a)(2). (Doc. 99). Therefore, there are common questions of law and fact, and the second requirement is satisfied. Finally, as this court discussed above, there has already been significant delay in filing this motion evidenced by the Intervenors' longstanding awareness of their interests at risk and the existence of this action. The Intervenors, as they state in their brief in support, wish to intervene to seek additional discovery and have the ability to file motions with this court. Granting intervention in this case will add additional unnecessary complexities that would prolong and delay the resolution of this case. Moreover, all of the Intervenors' concerns, as indicated in the present motion to intervene and supporting submissions, can be voiced before the court during the Final Approval Hearing and may be appealed to the Third Circuit if the court approves the settlement. Therefore, given the untimeliness, undue delay, and ability to challenge and appeal the settlement, the court will deny the motion for permissive intervention.

### III.    Conclusion

For the foregoing reasons, the Objectors' Motion to Intervene will be **DENIED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 24, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2939-02.wpd