IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL A. BRENNAN, ANTHONY COLINO, COURTNEY BELLOMO, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs<br><br>  vs.<br><br>COMMUNITY BANK, N.A.,<br>      Defendant | CLASS ACTION<br><br><br><br><br><br><br><br><br>NO.  13-CV-02939 (MEM) |

## <u>ORDER FOR FINAL JUDGMENT AND DISMISSAL</u>

WHEREAS, Carol A. Brennan, Anthony Colino and Courtney Bellomo (the "Class Representatives" or "Plaintiffs"), on behalf of themselves and the Class Members, and Community Bank, N.A. ("Bank"), Defendant in the above-captioned action (the "Action"), have entered into, and filed with the Court, an Amended Class Action Settlement Agreement and Release (the "Settlement Agreement") (Doc. No. 126-2);

WHEREAS, the Court on July 15, 2015, entered an Amended Order Preliminarily Approving the Settlement ("Preliminary Approval Order") and making a preliminary determination on class certification (Doc. No. 99);

WHEREAS, on February 25, 2016, beginning at 10:30 o'clock A.M. in Courtroom 3, William J. Nealon U.S. Courthouse, 235 Washington Avenue,

Scranton, Pennsylvania, this Court held a hearing to consider, among other things: (i) whether the settlement reflected in the Settlement Agreement should be approved as fair, reasonable, adequate, and in the best interests of the members of the Class; (ii) whether final judgment should be entered dismissing the claims of the members of the Class with prejudice and on the merits, as required by the Settlement Agreement; and (iii) whether to approve Plaintiffs' application for Class Representative service awards and (iv) Plaintiffs' request for an award of Class Counsel fees, costs, and expenses from the common fund;

WHEREAS, based on the foregoing, having heard the statements of counsel for the parties and of such persons who chose to appear at the final approval hearing, having considered all of the files, records, and proceedings in the action, including specifically the Settlement Agreement (and the exhibits appended thereto), the memoranda and other papers filed by the parties in support of final approval of the proposed amended settlement, any objections or comments raised at the hearing;

THE COURT HEREBY FINDS AND ORDERS:

1.     **Notice to the Class**:  Notice to the Class has been provided by the Settlement Administrator pursuant to this Court's Order of Preliminary Approval (Doc. No. 99) and Limited Supplemental Notice has issued as Ordered (Doc. No. 119) as attested to by the Affidavit of the Settlement Administrator.  Notice has also been provided by creation of a website www.reposettlement.com and a toll free

2

phone number.  The notice given to members of the Class by first class mail constituted due and sufficient notice of the settlement and the matters set forth in said notices to all persons entitled to receive notice, and fully satisfies the requirements of due process and Fed.R.Civ.P. 23(c) and 23(e).

     **2.**      <u>**Notice Pursuant to the Class Action Fairness Act:**</u>  Community Bank has served the CAFA Notice of Proposed Settlement and complied in all respects with its obligations under 28 U.S.C. § 1715.

     **3.**      <u>**Settlement Approved**</u>:  The proposed settlement set forth in the parties' Settlement Agreement, a copy of which was filed with the Motion for Final Approval, is fair, reasonable, adequate and in the best interests of the Class.  The terms in this Order shall be interpreted in accordance with the definitions in the Settlement Agreement.  All aspects of the Settlement Agreement are approved. The Class Representatives' individual service awards are approved.  All Objections to the settlement, *viz.*, the Objections of Urban, Sickler, Laird and Lenherr (Docket 100) and the Supplemental Objection of Lenherr (Docket 120) were withdrawn of record at the hearing.  In exchange, Class Counsel shall provide to the Settlement Administrator a supplemental communication to be sent to the Class advising of available options for advice on tax treatment of the settlement benefits.

**4.**     **Class Counsel Fees and Expenses**.   The Court has reviewed the application for Class Counsel fees and expenses, and the documentation submitted in support.   Consistent with the criteria set forth in Fed.R.Civ.P. 23(h), and established law providing for payment of reasonable counsel fees and expenses to class counsel from a common fund created for the benefit of the Class, the Court finds the value of cash, the forgiveness of deficiency debt claimed due and the valuable equitable relief of credit report correction is valued considerably above the $2,800,000.00 in cash provided in the Settlement Agreement.

The request for an award of fees to Class Counsel in the sum of $1,092,000 is approved as fair and reasonable considered in light of all the factors to be considered. The lodestar cross-check confirms attorney fees are reasonable and appropriate. Litigation expenses of Class Counsel have been adequately documented, were reasonable and necessary for effective prosecution of the case.   Expenses are approved in the requested sum of $20,000.00.   Each may be paid from the Settlement Fund.   Class Counsel may allocate fees and allowed costs among themselves as they agree or have agreed.

**5. Dismissal and Related Matters**:

a.     The claims of all members of the Class, except the one Class Member (Donald Freund) who timely excluded himself from the Class pursuant to

4

Paragraph 4.03 of the Settlement Agreement, are hereby dismissed with prejudice, on the merits and without costs to any party.

      b.    Class Representatives, on their own behalf and on behalf of each Class Member, by operation of this release and the judgment, hereby shall be deemed to have fully, finally and forever released, settled, compromised, relinquished, and discharged with prejudice the Defendant of and from any and all Released Claims ("Released Claims" shall have the meaning defined in the Settlement Agreement), and shall be forever barred and enjoined from instituting or further prosecuting, in any forum, including, but not limited to, any state or federal court or arbitration, administrative or other proceeding, any Released Claim.

      c.    The Class Representatives, on their own behalf and on behalf of each Class Member, have acknowledged that they are aware that he or she may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of this Release, but that it is his or her intention to, and he or she is hereby deemed, upon the Effective Date of the Settlement Agreement, to fully, finally and forever settle and release the Defendant from any and all Released Claims, known or unknown, suspected or unsuspected, contingent or matured, which now exist, may hereafter exist, or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts.

d.      The Class Representatives, on their own behalf and on behalf of each Class Member, have acknowledged and agreed that he or she cannot raise any Released Claim as a defense to any action brought by Defendant against them in connection with an action seeking repayment of an obligation other than an obligation waived under the Settlement Agreement.

e.      On the Effective Date, solely by operation of law and pursuant to the Settlement Agreement, the Bank shall be deemed to have released, settled, compromised, relinquished and discharged with prejudice all Class Members with a Deficiency Balance except for those Class Members who have elected against deficiency cancellation, including the Class Representatives, their agents, attorneys, heirs and assigns, from any and all claims, known or unknown, that they have had in the past, or now have, or may have in the future against the Class Member arising from or related to the motor vehicle installment sale contracts to which the Class Members are signatories.  The names of those Class Members who elected not to accept the deficiency waiver are set forth in the Affidavit(s) of the Administrator, Exhibits 2A and 2B to Plaintiffs' Motion for Final Approval, Doc. No. 126-3 and 126-4.  The Bank and its agents are hereby enjoined from any further attempts to collect such monies from Class Members except as against Class Members who have elected against deficiency cancellation.  This release shall not apply to any Class Member who reinstated their contract or reclaimed and/or obtained the return of their

6

vehicle following repossession and/or who does not appear on the records of the Bank as owing a Deficiency Balance. The Bank shall satisfy or release any state court judgments against Class Members arising from the repossession of their vehicles as provided in § 2.11 of the Settlement Agreement.

f.    In light of the notice given to the Class Members, the Plaintiffs and all Class Members who did not exclude themselves shall be bound by the Settlement Agreement and all of their Settled Claims shall be dismissed with prejudice and released.

g.    Class Representative service awards are allowed in the sum of Five Thousand Dollars ($5,000.00) each, payable from the class *res* to Ms. Brennan, Ms. Bellomo and Mr. Colino.

**6.**    *Cy Pres*. The Court approves as *cy pres* beneficiaries North Penn Legal Services, National Consumer Law Center, and Empire Justice Center of New York. The Funds remaining after distribution of the Settlement Fund to Class Members, for Class Counsel fees and for administration expenses, plus interest accrued on the Settlement Fund, if any, shall be distributed by the Settlement Administrator in equal one-third shares to said beneficiaries.

**7.    Continuing Jurisdiction.** Consummation of the settlement shall proceed as described in the Settlement Agreement and the Court hereby specifically retains jurisdiction of this matter in order to resolve any disputes which may arise in

7

the implementation of the Settlement Agreement or the implementation of this Final Judgment and Order. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). The Court retains continuing jurisdiction for purposes of supervising the implementation of the Settlement Agreement and supervising the distribution and allocation of the Settlement Fund.

Final judgment is entered as provided herein.

BY THE COURT:

Date : 3/21/16

Malachy E. Mannion, U.S.D.J.

8